Lindell G. McCORMACK, Appellant,

v.

STEWART ENTERPRISES, INC., Respondent,

and

St. Paul Fire & Marine Insurance Company, Defendant.

No. WD 53371.

Missouri Court of Appeals, Western District.

Sept. 16, 1997.

Motion for Rehearing and/or Transfer to Supreme Court Denied Oct. 28, 1997.

Application to Transfer Denied Dec. 23, 1997.

John E. Price, Springfield, for Appellant.

William F. Ringer, Kansas City, for Respondent.

Before ELLIS, P.J., and LOWENSTEIN and HOWARD, JJ.

HOWARD, Judge.

This is the second appeal arising out of a Workers' Compensation claim brought by Lindell G. McCormack against Stewart Enterprises, Inc. (Stewart Enterprises) and St. Paul Fire and Marine Insurance Co. (St. Paul), collectively "Employer." McCormack appeals the Missouri Labor and Industrial Relations Commission's "Order Modifying Award Following Remand from Missouri Court of Appeals" denying his claims for interest on his past medical expenses. There is no issue as to whether McCormack's injuries arose out of the course and scope of employment, or whether he was entitled to medical expenses. The sole issue before us is whether an employee is entitled to interest on medical expenses he incurred as a result of his injuries.

The parties agree that McCormack sustained his injuries while he was in the course of employment, and that his injuries are compensable under the Workers' Compensation statutes. For a more detailed account of the accident and surrounding events, refer to our first opinion in this matter, *McCormack v. Stewart Enterprises, Inc.*, 916 S.W.2d 219 (Mo.App. W.D.1995).

McCormack sustained his injury on August 29, 1991. On January 27, 1994, the parties appeared before an Administrative Law Judge. On July 7, 1994, the ALJ found in favor of McCormack, and ordered Employer to pay him $359,443.68 for past medical expenses. The Commission entered its "Final Award Allowing Compensation" on March 9, 1995, affirming the ALJ's award. Employer appealed to this court, and we affirmed the Commission in all respects except its finding that Employer was not entitled to receive credit under its rights of subrogation pursuant to § 287.150 RSMo 1990 against the net third-party recovery effected by employee for advance compensation payments, including future medical expenses. *McCormack*, 916 S.W.2d at 226. On this latter issue, we

reversed and remanded the Commission's award. *Id.* at 226, 227. Our opinion became final on March 26, 1996, after the Supreme Court denied transfer.

On April 3, 1996, McCormack filed his "Emergency Motion to Compel Compliance with Award, Regarding Past Medical Expenses and Indemnity Payments" with the Commission. In that motion, McCormack sought interest on his past medical expenses. Following the May 9, 1996, conference call on the motion, Employer paid the medical expenses included in the Award, but did not pay any interest. Following the June 12, 1996, oral argument on the motion, Employer voluntarily paid McCormack $361,214.35, representing medical expenses accrued between the administrative hearing and May 8, 1996. Employer did not pay any interest on this amount. On August 28, 1996, the Commission entered its "Order Modifying Award Following Remand from Missouri Court of Appeals," in which it denied McCormack's request for interest on his past medical expenses.

McCormack claims the Commission erred in ruling that Employer is not required to pay interest on the past medical expenses incurred by employee from the date of the injury to the date Employer paid the expenses. McCormack's claim includes interest on expenses that were part of the Commission's Final Award, as well as interest on expenses incurred between the close of evidence at the administrative hearing and Employer's payment of the Final Award.

■ In a workers' compensation case, findings of the Commission that are clearly an interpretation or application of law are not binding on the Court of Appeals and fall within the court's province of independent review and correction where erroneous. *Minnick v. South Metro Fire Protection District*, 926 S.W.2d 906, 909 (Mo.App. W.D. 1996).

■ We begin by addressing the question of whether the Commission can award interest on amounts owed to an employee for medical expenses. Employer argues that the Commission has no power to award interest on medical expenses under the Workers'

Compensation Act. Employer argues that the Commission is a "creature of the legislature" which can issue only those awards specifically authorized by the Workers' Compensation Act, and that the only source of authority for awarding interest under the Act is § 287.160.3 RSMo 1994. Section 287.160.3 states:

> Where weekly benefit payments that are not being contested by the employer or his insurer are due, and if such weekly benefit payments are made more than thirty days after becoming due, the weekly benefit payments that are late shall be increased by ten percent simple interest per annum. Provided, however, that if such claim for weekly compensation is contested by the employee, and the employer or his insurer have not paid the disputed weekly benefit payments or lump sum within thirty days of when the administrative law judge's order becomes final, or from the date of a decision by the labor and industrial relations commission, or from the date of the last judicial review, whichever is later, interest on such disputed weekly benefit payments or lump sum so ordered, shall be increased by ten percent simple interest per annum beginning thirty days from the date of such order. Provided, however, that if such claims for weekly compensation are contested solely by the employer or insurer, no interest shall be payable until after thirty days after the award of the administrative law judge. The state of Missouri or any of its political subdivisions, as an employer, is liable for any such interest assessed against it for failure to promptly pay on any award issued against it under this chapter.

 Employer claims that § 287.160.3 applies only to "weekly benefit payments," and not to other types of compensation awardable under the Act, such as medical expenses. We agree. The statute clearly does not provide for interest on medical expenses. *Lenzini v. Columbia Foods,* 829 S.W.2d 482, 487 (Mo.App. W.D.1992). Employer argues that this should be the end of the Court's inquiry in this case because under the Supreme Court's decision in *Martin v. Mid–America Farm Lines, Inc.,* 769 S.W.2d 105, 112 (Mo. banc 1989), the general interest statutes in

Chapter 408 are inapplicable to interest on medical expenses. We disagree. When *Martin* was decided, § 287.160.2 provided for interest on all types of compensation to employees, including medical expenses. At that time, the relevant part of § 287.160.2 RSMo 1986 stated:

> Compensation shall be payable as the wages were paid prior to the injury, but in any event at least once every two weeks. Each installment shall bear interest at the rate of eight percent per annum from the date when due until paid.

In *Martin,* the Court found that because of the explicit statutory provision for interest in § 287.160.2, authorities about payment of interest on civil judgments were "not necessarily applicable." *Martin,* 769 S.W.2d at 112. However, in 1990, § 287.160 was amended so that § 287.160.3, the only part of the statute pertaining to interest, now applies only to weekly benefits, and not other types of compensation. The statute, as amended, no longer governs interest on medical expenses. Therefore, it is both necessary and proper to look to the general interest statutes to determine what interest, if any, should be awarded on medical expenses.

In *Stillwell,* a case decided under the amended statute, this Court determined that § 287.160 did not apply to interest on an employee's burial expenses because they were not "weekly expenses." *Stillwell v. Universal Construction Co.,* 922 S.W.2d 448, 457 (Mo.App. W.D.1996). However, we did not assume in *Stillwell* that the legislature intended to disallow interest on burial expenses when it amended § 287.160. Similarly, in this case, we do not assume the purpose of the amendment was to prohibit interest on medical expenses. Rather, because no section of the Workers' Compensation Act addressed the issue of interest on burial expenses, we looked to the general interest statutes, specifically § 408.020 RSMo 1994, to determine whether interest was properly awarded in the case. *Id.* Section 408.020 states:

> Creditors shall be allowed to receive interest at the rate of nine percent per annum, when no other rate is agreed upon, for all

moneys after they become due and payable, on written contracts, and on accounts after they become due and demand of payment is made; for money recovered for the use of another, and retained without the owner's knowledge of the receipt, and for all other money due or to become due for the forbearance of payment whereof an express promise to pay interest has been made.

■ Under § 408.020, three requirements must be met for prejudgment interest to be awardable on a claim. First, the expenses must be "due." *Martin,* suggests three ways to show that expenses are due, for the purpose of establishing the date from which interest is awardable. A claimant may show he actually paid the expenses or that his creditors are demanding interest of him, or claimant may show that he suffered a loss by the delay in payment. *Martin,* 769 S.W.2d at 112.

■ Second, the claim must be liquidated or the amount of the claim must be readily ascertainable. The general rule is that, in absence of agreement to the contrary, interest is not recoverable on an unliquidated demand. *Bolivar Insulation Co. v. R. Logsdon Builders, Inc.,* 929 S.W.2d 232, 236 (Mo.App. S.D.1996). However, even when a claim is unliquidated in the sense that it has not been reduced to judgment, interest thereon will generally be allowed where the amount due can be readily ascertained by computation, or by a legal or recognized standard. *Komosa v. Monsanto Chemical Co.,* 317 S.W.2d 396, 400 (Mo. banc 1958).

■ Third, the obligee must make a demand of the obligor for the amount of the underlying claim. *Weekley v. Wallace,* 314 S.W.2d 256, 257 (Mo.App.1958). If a demand is made, the obligee is entitled to interest from the date of the demand. *Cotton v. 71 Highway Mini–Warehouse,* 614 S.W.2d 304, 308 (Mo.App. W.D.1981). If no demand is made, the filing of a suit on the claim constitutes a demand. *Weekley,* 314 S.W.2d at 257.

In addition, the fact that a person against whom a demand is made for payment of money denies liability for all or a portion of the claim does not relieve the obligor of the duty to pay prejudgment interest on the amount found to be due. *Knight v. DeMarea,* 670 S.W.2d 59, 64 (Mo.App. W.D.1984). This is consistent with the underlying purpose of the interest statutes, which is "to furnish an incentive for prompt payment of monetary obligations and to compensate the creditor for the debtor's failure to do so." *Komosa,* 317 S.W.2d at 399. A debtor is not liable for interest when the debtor does not know the amount due. *Id.* Employer could not have known the amount of the expenses McCormack incurred until McCormack made him aware of such expenses through a demand.

In the present case, McCormack is entitled to interest on his medical expenses until the date Employer paid the expenses [1] if he satisfies the following three-part test. First, McCormack must prove that the expenses were "due" at the time of the demand. In accordance with *Martin,* McCormack must show one of three things: he actually paid the expenses; his providers were demanding interest of him; or, he suffered a loss by the delay in payment. *Martin,* 769 S.W.2d at 112.

Second, McCormack must prove that the amount of the expenses was readily ascertainable by computation or by reference to a legal standard. In *Stillwell,* we found that burial expenses were readily ascertainable by reference to the invoice from the funeral home. *Stillwell,* 922 S.W.2d at 458. Similarly, in this case, the Commission should refer to medical bills, receipts, or other evidence presented by McCormack to determine if the expenses were readily ascertainable.

Third, McCormack must have demanded that Employer pay the expenses. If the Commission finds that McCormack demanded the expenses prior to filing his claim with the Commission, McCormack is entitled to

---

1. We make no distinction between expenses incurred prior to the administrative hearing and those incurred after the hearing. The administrative hearing and the Commission's final award are not judgments. *Percy Kent Bag Co. v. Mis-*

*souri Com'n on Human Rights,* 632 S.W.2d 480, 484 (Mo. banc 1982). Therefore, all of the interest McCormack seeks in this case is awardable under the three-part test of § 408.020. Section 408.040.1 does not apply.

interest on the expenses from the date of his demand. If the Commission finds that McCormack did not demand the expenses prior to filing his claim, he is entitled to interest from the date he filed his claim. If McCormack satisfies the three requirements set forth here, he is entitled to prejudgment interest on his medical expenses, at the statutory rate of nine percent, in compliance with § 408.020.

Those in possession of large sums of money are able to obtain a return on their holdings. Here, the employer or the insurer had use of money properly payable to the claimant and should be chargeable for the value of that use. Otherwise, the employee is not made whole. *Martin,* 769 S.W.2d at 112.

Employer contends that even if McCormack is entitled to interest on his medical expenses, he is not entitled to interest pending McCormack's appeal of this Court's first judgment in this case. Employer correctly states that "if a judgment creditor appeals on the grounds of inadequacy from a recovery in his favor, and the judgment is affirmed, he is not entitled to interest pending the appeal." However, Employer's argument has no merit in this case because McCormack's action was to file a Motion for Rehearing or, in the Alternative, Application for Transfer solely on the issue of whether Employer should receive a subrogation credit against future medical expenses. That issue was entirely removed from the adequacy of the award, and therefore the appeal has no effect on McCormack's ability to collect interest pending the appeal.

For these reasons, we reverse the Commission's denial of interest on McCormack's past medical expenses. We further remand this matter to the Commission with directions that it determine the interest due McCormack on his medical expenses in accordance with this opinion.

All concur.