Lenton EASON, Appellant,

v.

TREASURER OF the STATE of Missouri—Custodian of the Second Injury Fund, Respondent.

No. WD 74209.

Missouri Court of Appeals, Western District.

May 22, 2012.

Motion for Rehearing and/or Transfer to Supreme Court Denied June 26, 2012.

Application for Transfer Denied Aug. 14, 2012.

Daniel Doyle, Overland Park, KS, for Appellant.

Jeremiah Morgan, Jefferson City, MO, for Respondent.

Before JOSEPH M. ELLIS, P.J., JAMES EDWARD WELSH, and ALOK AHUJA, JJ.

JAMES EDWARD WELSH, Judge.

Lenton Eason appeals the Labor and Industrial Relations Commission's denial of pre–award interest, against the Second Injury Fund, on medical expenses stemming from an employment related injury. Eason contends that section 408.020, RSMo Cum.Supp.2011, mandates pre-award interest per this court's decision in *McCormack v. Stewart Enterprises,* 956 S.W.2d 310 (Mo.App.1997). We reverse and remand to the Commission to calculate and award interest consistent with this opinion.

On August 18, 2005, Lenton Eason suffered an injury to his right ankle while employed by Adams Towing, Inc., an Oklahoma company. Eason incurred medical bills totaling $46,802.66. Adams Towing carried workers' compensation insurance in the state of Oklahoma, but not in Missouri. Consequently, the Labor and Industrial Relations Commission (Commission) deemed the Second Injury Fund liable for the full amount of Eason's medical bills, subject to the provisions of section 287.220.5, RSMo Cum.Supp.2011. The Commission rejected Eason's claims for pre-award interest, finding that "interest does not begin to accrue on Second Injury Fund medical expense obligations until the entry of an award finding the Second Injury Fund liable for medical expenses." Eason appeals.

Our review of the Commission's decision is governed by article V, section 18, of the Missouri Constitution and section 287.495, RSMo Cum.Supp.2011. Article V, section 18, provides for judicial

review of the Commission's award to determine whether the decision is authorized by law and, in cases in which a hearing is required by law, whether the decision is "supported by competent and substantial evidence upon the whole record." Section 287.495 provides that we will affirm the Commission's decision unless the Commission acted in excess of its powers, the award was procured by fraud, the facts do not support the award, or insufficient competent evidence exists in the record to warrant the making of the award. We, however, are not bound by the Commission's interpretation and application of the law, and we afford no deference to the Commission's interpretation of the law. *Pierson v. Treasurer of State,* 126 S.W.3d 386, 387 (Mo. banc 2004).

In his sole point on appeal, Eason contends that the Commission erred in finding that interest commences on Second Injury Fund medical expense obligations only after the Fund is deemed liable for medical expenses pursuant to section 287.220.5. Eason maintains that under section 408.020 and pursuant to *McCormack v. Stewart Enterprises,* he is entitled to interest from the date he added the Treasurer of the State of Missouri (Treasurer), Custodian of the Second Injury Fund, as a party to his claim. We agree.

 First, Eason and the Treasurer dispute whether we are to apply strict or liberal statutory construction in resolving Eason's claim. Eason maintains that, because his injury occurred prior to the 2005 legislative amendments that now require strict construction of the workers' compensation statutes, his claim should be resolved under the pre-amendment liberal construction standard. § 287.800, RSMo 2000. The Treasurer maintains that the 2005 amendment is procedural and, there-

fore, retroactively applies to Eason. § 287.800, RSMo Cum.Supp.2011.

 Article I, section 13 of the Missouri Constitution prohibits retrospective application of the law. *State v. Molsbee,* 316 S.W.3d 549, 551 (Mo.App.2010). A retrospective law has been defined as "one which creates a new obligation, imposes a new duty, or attaches a new disability with respect to transactions or considerations already past." *Id.* (citations and internal quotation marks omitted). " 'Statutory provisions that are substantive are generally presumed to operate prospectively, unless the legislative intent that they be given retroactive operation clearly appears from the express language of the act or by necessary or unavoidable implication.' " *Beck v. Fleming,* 165 S.W.3d 156, 160 (Mo. banc 2005) (quoting *Callahan v. Cardinal Glennon Hosp.,* 863 S.W.2d 852, 872 (Mo. banc 1993)). "Conversely, statutory provisions that are remedial or procedural operate retrospectively unless the legislature expressly states otherwise." *Cook v. Newman,* 142 S.W.3d 880, 893 (Mo.App.2004). "Substantive law creates, defines and regulates rights; procedural law prescribes a method of enforcing rights or obtaining redress for their invasion." *Id.* Substantive law relates to the rights and duties giving rise to the cause of action; procedural law is the machinery used for carrying on the suit. *Id.*

Section 287.800, prior to amendment and in effect at the time of Eason's injury, stated:

All of the provisions of this chapter shall be liberally construed with a view to the public welfare, and a substantial compliance therewith shall be sufficient to give effect to rules regulations, requirements, awards, orders or decisions of the division and the commission, and they shall not be declared inoperative, illegal or

void for any omission of a technical nature in respect thereto.

Section 287.800, as amended and currently in effect, requires reviewing courts to now strictly construe the workers' compensation provisions.

Our Supreme Court in *Utilicorp United, Inc. v. Director of Revenue*, 785 S.W.2d 277, 278 (Mo. banc 1990), stated that "[a] legislative provision for the allowance of interest when the same is forbidden in the absence of legislation is a law of substance rather than procedure." This suggests that, if strict construction of the workers' compensation statutes might prevent interest otherwise recoverable under a liberal construction, then the 2005 amendment imposing a strict construction standard is substantive and, therefore, retrospective application is prohibited.[1] Consequently, because strict construction of the workers' compensation statutes could change, redefine, or regulate rights in a manner differently than with a liberal construction, we cannot retrospectively apply strict construction to the workers' compensation statutes.

The Treasurer's reliance on *Allcorn v. Tap Enters., Inc.*, 277 S.W.3d 823 (Mo. App.2009), and *Croffoot v. Max German, Inc.*, 857 S.W.2d 435 (Mo.App.1993), to support retroactive application of section 287.800, is without merit. In *Allcorn*, there is no indication that our Southern District retroactively applied any statutes. 277 S.W.3d at 827–28. The issue of retroactive statutory application was not before the court and the text of the opinion states that the court was asked on appeal to apply the 2005 amended statute.[2] *Id.* at 827

In *Croffoot*, our Eastern District determined that, an interest statute that reinstated the general prohibition against interest on unliquidated damages was remedial and that retroactive application was appropriate. 857 S.W.2d at 436. The court found that the statutory amendment that required interest on a workers' compensation award to commence from the date of the award, as opposed to from the date of injury, affected only the claimant's measure of damages and not the claimant's right to compensation. *Id.* While this position may be in conflict with *Utilicorp*, cited above, it is unnecessary for us, here, to reconcile *Croffoot*[3] with *Utilicorp* as the case at bar does not require us to assess retroactivity of an interest statute as we have no interest statute before us. The issue before us is whether strict versus liberal statutory construction has substantive or remedial implications.

■■ We agree with Eason that because strict versus liberal statutory construction may affect substantive issues, the liberal construction standard set forth in

---

1. We note that the 2005 amendment expresses no legislative intent for retroactive application.

2. While one commissioner dissented in the underlying Labor and Industrial Relations Commission's decision and disagreed with applying a notice statute retroactively, the Southern District remanded the case because the Commission had "erroneously" relied on a 2004 diagnosis date rather than the appropriate 2006 diagnosis date. *Id.* at 831.

3. *Croffoot* may also be in tension with *Klotz v. St. Anthony's Medical Center*, 311 S.W.3d 752 (Mo. banc 2010), which states that "[i]t is settled law in Missouri that the legislature cannot change the substantive law for a category of damages after a cause of action has accrued." *Id.* at 760. Applying this principle, *Klotz* held that the General Assembly could not constitutionally enact "a statute that purports to decrease the amount of damages a victim of medical malpractice could recover after the cause of action has accrued." *Id.*

section 287.800, RSMo 2000, prior to amendment, is the applicable standard for Eason's case. Liberal construction requires a broad interpretation of the workers' compensation laws such that benefits are extended to the largest possible class, and any doubts as to the right of compensation are resolved in favor of the employee. *Robinson v. Hooker,* 323 S.W.3d 418, 423 (Mo.App.2010). Liberal statutory construction, however, does not vest courts with unbridled discretion to create entitlements not provided for nor contemplated by the legislature.

■ Eason claims that the Second Injury Fund is obligated to pay interest on his medical expenses from the date he added the Treasurer as a party to his workers' compensation claim. Eason cites *State of Missouri ex. Rel. David L. Otte v. Missouri State Treasurer,* 182 S.W.3d 638 (Mo.App.2005), for support. The *Otte* case is of no assistance to Eason. *Otte* only determined whether, per the language of the Commission's award, the Commission actually awarded interest on medical expenses, not whether interest was an entitlement. 182 S.W.3d at 642. *Otte* determined that, based on the Commission's language that "any past due compensation would bear interest" and based on the "specific circumstances" of that case, interest had been awarded on medical expenses. *Id.* Although the *Otte* court discussed the *McCormack* test, because the court merely determined if the Commission had actually awarded interest on medical expenses, *Otte* cannot stand for the proposition that interest on medical expenses is mandatory against the Second Injury Fund absent an order. In fact, *Otte* stated: "The instant case requires us to determine only whether the Commission actually awarded Relator interest on his medical expenses, and we find *Lenzini* helpful in making that determination." *Id.*

In *Lenzini v. Columbia Foods,* 829 S.W.2d 482 (Mo.App.1992), this court found that the Commission had not awarded interest on medical expenses, and that inclusion of interest on medical expenses, on the facts of *Lenzini,* "would have been error." *Id.* at 487. *Otte* distinguished *Lenzini* by finding that the language of the Commission's award in *Otte* allowed for medical expense interest, while the language of the Commission's award in *Lenzini* did not. *Otte,* 182 S.W.3d at 642. Although Eason argues that *Otte* is applicable because the Commission in Eason's case also stated that "any past due compensation shall bear interest," Eason ignores that the Commission followed that with "consistent with our opinion herein and as otherwise provided by law." The Commission's opinion therein expressly found that "interest does not begin to accrue on Second Injury fund medical expense obligations until the entry of an award finding the Second Injury Fund liable for medical expenses pursuant to the provisions of [section] 287.220.5 RSMo."

Nevertheless, Eason argues that *McCormack* is dispositive of his case. 956 S.W.2d 310. *McCormack* addressed whether an employer was required to pay interest on past medical expenses. *Id.* at 312. The court construed section 287.160, RSMo 1994, and concluded that while there were no statutory provisions for such interest, because the legislature expressed no intent to prohibit interest, the general interest statute was applicable. *Id.* at 313. Under section 408.020, RSMo 1994, the court found that the employer would be liable for interest on medical expenses from the date the demand was made if the claimant met three prerequisites for recovery. *Id.* at 314.

The issue before us, however, is not an employer's liability for medical expense interest under section 287.160, but Second

Injury Fund liability under section 287.220. Section 287.220.5 provides in relevant part:

> If an employer fails to insure or self-insure as required in section 287.280, funds from the second injury fund may be withdrawn to cover the fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee in the employ of an uninsured employer....

We first note that the plain language of the statute makes no provision for an award of interest against the Second Injury Fund. "Section 287.220.5 does not define what is meant by the phrase 'fair, reasonable and necessary expenses,'" nor does section 287.020, the general definition section of the workers' compensation law. *Ellis v. Missouri State Treasurer*, 302 S.W.3d 217, 221 n. 5 (Mo.App.2009). Interest on an expense is not an actual "expense" that cures or relieves the effects of an injury or disability. Nevertheless, because section 287.220.5 does not expressly prohibit interest and because we are to interpret the statute liberally, we obtain guidance from *McCormack* and turn to the general interest statute.[4]

*McCormack* sets forth three requirements that must be met under section 408.020 for an award of prejudgment interest: The expenses must have been due at the time of the demand, the amount of the expenses must have been readily ascertainable, and payment must have been demanded. 956 S.W.2d at 314.

In order to prove that expenses were "due" at the time of the demand, Eason must prove that he "paid the expenses, his providers were demanding interest of him, or he suffered a loss by the delay in payment." *Id.* Eason contends that he suffered loss because he was denied medical treatment. Eason testified that "before I even got done with Dr. Greeley which I was supposed to go back and have—do the rehab and, you know, do the following check-ups and stuff, they wouldn't let me come to the doctor's office anymore due to the fact that the bills hadn't been paid." Because the Treasurer does not dispute that denial of medical treatment to Eason constituted a "loss," and because the Commission made a finding that Eason's testimony was "credible," on the facts of Eason's case and *per McCormack*, we conclude that Eason's medical expenses were "due" at the time of the demand so as to satisfy the first prong of the *McCormack* test.[5] Regardless, it is undisputed that all of Eason's medical expenses were incurred prior to the Treasurer being added as a party and were included in Eason's claim.

Eason satisfied the second prong of *McCormack* by having a readily ascertainable claim. Eason's medical bills were admitted into evidence without objection and the Second Injury Fund was ordered

---

4. We do not herein determine if the general interest statutes are applicable to a strict construction of section 287.220.

5. *But see Pemberton v. 3M Co.*, 992 S.W.2d 365, 367 n. 2 (Mo.App.1999), which states: Notwithstanding the result reached in *McCormack*, the general interest statute does not fit comfortably with the facts in a workers' compensation case. For instance, we fail to see how a claimant in a workers' compensation case may establish that he is

entitled to prejudgment interest by proving that he suffered a loss from the delay in payment. The 'suffered a loss' statement was originally taken from *dicta* in *Martin v. Mid–America Farm Lines, Inc.*, 769 S.W.2d 105, 108 (Mo. banc 1989) and adopted in *McCormack*, 956 S.W.2d at 315, without explanation in either case. It tends to confuse the issue. At oral argument, the parties were unable to explain the loss required to satisfy this element.

to pay $46,802.66, the full amount of the medical bills.

Eason satisfied the final prong of *McCormack* by adding the Treasurer to his claim for medical expenses. Because the "filing of a suit on the claim constitutes a demand," Eason's "demand" against the Second Injury Fund occurred when he added the Treasurer to his claim. 956 S.W.2d at 314. Therefore, because Eason met all three *McCormack* requirements for pre-award interest, Eason is entitled to pre-award interest from the date he added the Treasurer to his claim. Eason's point on appeal is granted, and we reverse the judgment of the Commission concerning pre-award interest.

We, therefore, conclude that section 287.220 includes no express provisions for interest on medical expenses against the Second Injury Fund. However, per a liberal statutory construction which allows for application of the general interest statutes, the Second Injury Fund is liable for pre-award interest on Eason's medical expenses from the date Eason added the Treasurer as a party to his claim.[6] We, therefore, reverse the Commission's decision as to pre-award interest on Eason's medical expenses and remand this matter to the Commission with instructions to determine interest due in accordance with this opinion.

All concur.

---

**6.** We express no opinion on the proposition that a strict construction of the statutes would preclude an award for pre-judgment interest.