Vickie HARRAH, Appellant,

v.

TOUR ST. LOUIS, Respondent,

and

Treasurer of the State of Missouri, as custodian of the Second Injury Fund, Respondent.

No. ED 100185.

Missouri Court of Appeals,
Eastern District,
Division Three.

Dec. 17, 2013.

Dean Lee Christianson, Schuchat, Cook & Werner, St. Louis, MO, for Appellant.

Marcus J. Raymond for Tour St. Louis, Clayton, MO, Rachael Kirsten Houser for Second Injury Fund, St. Louis, MO, for Respondent.

## OPINION

MARY K. HOFF, Presiding Judge.

Vickie Harrah (Employee) appeals from the Labor and Industrial Relations Commission's (Commission) decision denying her pre-judgment interest on past medical expenses and disability benefits against the Second Injury Fund (Fund). We affirm the Commission's decision.

### Factual and Procedural Background

On September 1, 2005, Employee was injured in a motor vehicle accident while working for Tour St. Louis (Employer) as a bus driver. Employer is a company that runs buses, designed as trolley cars, for weddings and other special events. Employer also operates regular routes in several St. Louis communities like Winghaven. Employee was responsible for driving the trolley car on a specific route through the Winghaven Subdivision when the accident occurred.

At the time of the accident, Employer did not carry workers' compensation liability insurance. Employer did not authorize medical treatment for Employee and Employee sought medical treatment on her own. She was diagnosed with a torn rotator cuff. Employee underwent surgery on December 22, 2008. After developing an infection, Employee underwent three additional surgeries. Her last surgery took place on August 14, 2009. As a result of these surgeries and other treatment, Employee incurred $159,232.51 in medical expenses.

Following a workers' compensation hearing, the administrative law judge (ALJ) found Employer liable for Employee's medical expenses, temporary total disability benefits, and permanent partial disability benefits. The ALJ found the Fund liable for Employee's medical expenses and for permanent partial disability. However, the ALJ did not order the Fund to pay the temporary total or permanent partial disability benefits awarded against the Employer. The ALJ also declined to award pre-judgment interest to Employee. The Commission affirmed the ALJ's decision. Employee appeals the Commission's decision.

### Standard of Review

We must affirm the Commission's decision unless we find: (1) That the commission acted without or in excess of its powers; (2) That the award was procured by fraud; (3) That the facts found by the commission do not support the award; or (4) That there was not sufficient competent evidence in the record to warrant the making of the award. Section 287.495.1, RSMo 2000.[1] Our review of a workers' compensation award is limited to a single determination whether, considering the whole record, there is sufficient competent and substantial evidence to support the award. *Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 223 (Mo. banc 2003). "An award that is contrary to the overwhelming weight of the evidence is, in context, not supported by competent and substantial evidence." *Hampton*, 121 S.W.3d at 223. The Commission is free to believe or disbelieve any evidence, and we defer to the Commission's credibility determinations and to the weight it accords testimony and evidence. *Treasurer of the State of Missouri–Custodian of the Second Injury Fund v. Cook*, 323 S.W.3d 105, 110 (Mo.App.W.D.2010).

---

1. Unless otherwise indicated, all further statutory references are to RSMo 2000 as amended.

## Pre–Judgment Interest

■ In her first point, Employee argues the Commission erred in denying her pre-judgment interest on medical bills because the Fund was liable for such pre-judgment interest under a strict construction analysis. We disagree.

For an uninsured employer, the Fund's liability is limited to "cover[ing] the fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee in the employ of an uninsured employer...." Section 287.220.5. Effective August 28, 2005, the Missouri legislature amended the Workers' Compensation Law to require tribunals to "strictly" construe its provisions. Section 287.800.1.[2]

> Strict construction means that a "statute can be given no broader application than is warranted by its plain and unambiguous terms." *Harness v. S. Copyroll, Inc.,* 291 S.W.3d 299, 303 (Mo.App.2009). The operation of the statute must be confined to "matters affirmatively pointed out by its terms, and to cases which fall fairly within its letter." *Allcorn v. Tap Enters., Inc.,* 277 S.W.3d 823, 828 (Mo.App.2009) (citing 3 SUTHERLAND STATUTORY CONSTRUCTION § 58:2 (6th ed.2008)). "'A strict construction of a statute presumes nothing that is not expressed.'" *Id.* (quoting *Sutherland,* supra.)

*Robinson,* 323 S.W.3d 418, 423. Here, applying a strict construction analysis, the Commission ordered the Fund to pay for Employee's medical bills of $159,232.51 because Employer was uninsured at the time of Employee's accident. The Commission did not require the Fund to pay pre-judgment interest on this amount finding that there was "no express language [under Section 287.220] authorizing recovery of interest from the [Fund]."

Employee relies on *Eason v. Treasurer,* 371 S.W.3d 886 (Mo.App.W.D.2012), a pre-2005 amendment case, to argue that she, like the claimant in *Eason,* was entitled to pre-judgment interest against the Fund under Section 287.220. *Eason,* 371 S.W.3d at 889–90. However, we find the case at bar distinguishable from *Eason.* In *Eason,* the Court recognized that "the plain language of [Section 287.220] makes no provision for an award of interest against the Second Injury Fund." *Id.* at 891. The Court concluded that it could then turn to the general interest statute for guidance "because section 287.220.5 does not expressly prohibit interest and because [it was required] to interpret the statute liberally." *Id.* The Court ultimately held "per a liberal statutory construction which allows for application of the general interest statutes, the Second Injury Fund is liable for pre-award interest on [the employee]'s medical expenses." *Id.* at 892. Finally, the Court recognized that "strict construction of the workers' compensation statutes could change, redefine, or regulate rights in a manner differently than with a liberal construction." *Id.* at 889. However, the Court declined to analyze Section 287.220 under strict construction because the claimant's injury occurred before August 28, 2005, when strict construction of Chapter 287 took effect. *Id.* at 892 fn. 4 & 6.[3]

---

**2.** Prior to this amendment, tribunals were required to liberally construe the Workers' Compensation Law, and "[a]ll doubts [were] to be resolved in favor of the employee." *Harris v. Treasurer,* 192 S.W.3d 531, 535 (Mo.App.E.D.2006). Under liberal construction, "courts broadly interpreted the Act to extend benefits to the largest possible class." *Robinson v. Hooker,* 323 S.W.3d 418, 423 (Mo.App. W.D.2010).

**3.** While Employee argues throughout her brief that the Court in *Eason* used strict construction in analyzing Section 287.220, dur-

Here, post–2005 amendment, we must strictly construe the Workers' Compensation Law. Under strict construction analysis, courts are required to "effectuate legislative intent *as reflected in the plain and ordinary language of the statute.*" *Robinson,* 323 S.W.3d at 424 (emphasis added). Section 287.220.5 states:

> If an employer fails to insure or self-insure as required in section 287.280, funds from the second injury fund may be withdrawn to cover the *fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability of an injured employee in the employ of an uninsured employer,* or in the case of death of an employee in the employ of an uninsured employer, funds from the second injury fund may be withdrawn to cover fair, reasonable, and necessary expenses in the manner required in sections 287.240 and 287.241.

[Emphasis added.] "Interest on an expense is not an actual 'expense' that cures or relieves the effects of an injury or disability." *Eason,* 371 S.W.3d at 891. Therefore, the plain language of Section 287.220 makes no provision for an award of interest against the Fund. *Id.* The legislature did not affirmatively provide for pre-judgment interest as part of the Fund's liability and strict construction does not allow courts to go outside of the statute when, as here, its terms are clear.

Section 287.220's language reflects the legislature's intent for the Fund to pay for fair, reasonable, and necessary expenses. If the legislature intended for Section 287.220 to include pre-judgment interest, it would have expressed its intentions in plain and unambiguous terms. However, the legislature chose not to amend Section 287.220, which continues to not provide interest of any kind against the Fund. As such, the Commission did not err in finding the Fund not liable for pre-judgment interest on Employee's medical expenses. Point I is denied.

### Disability Benefits

■ In her second point, Employee argues the Commission erred in denying her permanent partial and temporary total disability benefits awarded against Employer. Employee argues that under a strict construction analysis, Section 287.220 authorizes payments from the Fund for claims of "disability," which by definition encompass permanent partial and temporary total disability benefits. We disagree.

Section 287.220 provides in pertinent part:

> If an employer fails to insure or self-insure as required in section 287.280, funds from the second injury fund may be withdrawn to cover the fair, reasonable, and necessary expenses *to cure and relieve the effects of the injury or*

---

ing oral argument she acknowledged that the *Eason* court was in fact applying liberal construction in reaching its conclusion. In *Eason,* the court was clear that it sought guidance from the general interest statutes because it was "liberally" interpreting Section 287.220. The Court noted that because there were no express provisions for interest on medical expenses against the Fund, the only way to assess interest against the Fund was to look beyond Chapter 287, which, in light of the applicability of liberal construction to that claim, it was permitted to do. *Id.* at 891–892.

*McCormack v. Stewart Enterprises, Inc.,* 956 S.W.2d 310 (Mo.App.W.D.1997) is also inapposite because (1) the issue before that court was an employer's liability for medical expense interest under Section 287.160, and not Fund liability under Section 287.220, and (2) the case was decided under a liberal construction analysis and looked outside Chapter 287, to the general interest statute, to resolve the question of the employer's liability for pre-award interest.

*disability* of an injured employee in the employ of an uninsured employer.... [Emphasis added.] Section 287.220.5. Under strict construction, the statute does not support Employee's contention that the Fund is liable for permanent partial disability and temporary total disability benefits awarded against Employer. Section 287.220.5 requires the Fund "to cover the fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability." Therefore, the Fund's liability under Section 287.220.5 is limited to medical and associated expenses. Respondent correctly points out that Section 287.140 provides guidance as to what types of expenses may "cure and relieve" a disability under Section 287.22. Section 287.140 provides in pertinent part:

> In addition to all other compensation paid to the employee under this section, the employee shall receive and the employer shall provide such medical, surgical, chiropractic, and hospital treatment, including nursing, custodial, ambulance and medicines, as may *reasonably be required* after the *injury or disability, to cure and relieve from the effects of the injury.*

[Emphasis added.] Section 287.140.1. Under a plain reading of this section and Section 287.220, "cure and relieve" covers treatment and expenses only. Moreover, the legislature provides for permanent disability liability of the Fund in Section 287.220.1. Here, the Commission found the Fund liable for Employee's medical expenses and for permanent partial disability. However, the Commission did not find and no authority exists for requiring the Fund to pay the permanent partial and temporary total disability benefits awarded against Employer. If the legislature intended for the Fund also to be liable for these benefits under Section 287.220, it would have expressly stated its intention.

Section 287.220 makes the Fund liable for "fair, reasonable, and necessary expenses to cure and relieve the effects of the injury or disability." Therefore, the Fund was liable for Employee's medical bills associated with her injury and disability, because these were necessary expenses to cure and relieve the effects of Employee's injury and disability. Section 287.220 does not make the Fund liable for disability benefits owed by an employer. The Commission did not err in denying the Fund's liability on benefits awarded against Employer. Point II is denied.

### Conclusion

The Commission's decision is affirmed.

KURT S. ODENWALD, Judge and ANGELA T. QUIGLESS, Judge, concur.