

# In the Missouri Court of Appeals
## Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| SURGERY CENTER PARTNERS, LLC D/B/A TIMBERLAKE SURGERY, | ) | No. ED109776 |
| | ) | |
| Respondent, | ) | Appeal from the Labor and |
| | ) | Industrial Relations Commission |
| vs. | ) | |
| | ) | |
| MONDELEZ INTERNATIONAL, INC., and | ) | |
| INDEMNITY INSURANCE COMPANY OF | ) | |
| NORTH AMERICA, | ) | |
| | ) | |
| Appellants. | ) | Filed: May 31, 2022 |

## I. Introduction

Mondelēz International, Inc. and Indemnity Insurance Company of North America (collectively, "Appellants") appeal from a final award issued by the Labor and Industrial Relations Commission. Appellants bring two points on appeal, but both fail to substantially comply with Rule 84.04.[1] Surgery Center Partners, LLC, doing business as Timberlake Surgery Center ("Timberlake"), cross-appeals from the same final award, arguing that the Commission erred in denying its demand for prejudgment interest.

We dismiss Appellants' appeal and affirm the Commission's final award as to Timberlake's cross-appeal.

---

[1] All rule references are to Missouri Supreme Court Rules (2022).

## II. Factual and Procedural Background

On July 12, 2013, a Mondelēz employee suffered a work-related accident that left him with a torn left rotator cuff. On August 11, 2014, Indemnity Insurance Company, Mondelēz's workers' compensation insurance carrier, authorized surgery on the employee's rotator cuff. Timberlake then treated the employee and repaired his torn rotator cuff on September 24, 2014.

Timberlake charged $38,986.21 for the medical services performed on the employee. Appellants sent two checks to Timberlake for the services provided. Timberlake received the first check, in the amount of $5,552.18, on October 28, 2014; and the second check, in the amount of $3,147.24, on March 16, 2015. Timberlake made repeated demands for the remainder of the amount due from Appellants. However, Appellants never responded to Timberlake's demands or explicitly stated they disputed the remainder of the bill, so Timberlake filed an Application for Payment of Additional Reimbursement of Medical Fees with the Division of Workers' Compensation on September 3, 2015. In doing so, Timberlake entered "TBD" in the section of the application asking for the "Date Notice of Dispute Received From Employer/Insurer."

The Division accepted the application, and an administrative law judge held a hearing on September 21, 2020, in which the parties submitted documents without live testimony. Then, on November 20, 2020, the administrative law judge issued an award with her findings of facts and conclusions of law on the seven issues left for her determination. She found: (1) Timberlake's charges were fair, reasonable, and permissible; (2) Timberlake is not entitled to an award of prejudgment interest; (3) Timberlake is not entitled to attorney's fees or costs; (4) the Division has jurisdiction and the absence of a date regarding the notice of the dispute does not deprive the Division of that jurisdiction; (5) Timberlake did not charge more than allowed under § 287.140.3[2];

---

[2] All statutory references are to RSMo Supp. 2014, unless otherwise indicated.

(6) Timberlake is not entitled to additional reimbursement; and (7) Appellants are not entitled to attorney's fees.

Both parties filed applications for review by the Labor and Industrial Relations Commission on December 7, 2020. On June 9, 2021, the Commission issued a supplemental opinion in which it affirmed and adopted the administrative law judge's findings, conclusions, decisions, and award.

This appeal follows.

### III. Standard of Review

The Court of Appeals "reviews the Commission's decision to determine if it is 'supported by competent and substantial evidence upon the whole record.'" *Lexow v. Boeing Co.*, No. SC 99199, 2022 WL 791953, at *2 (Mo. banc Mar. 15, 2022) (quoting Mo. Const. art. V, § 18). The Court will affirm the award unless: (1) the Commission acted without or beyond its powers; (2) the decision was fraudulently procured; (3) the Commission's findings of fact do not support the award; or (4) there was not sufficient competent evidence to support the award. § 287.495.1; *Schoen v. Mid-Missouri Mental Health Ctr.*, 597 S.W.3d 657, 659 (Mo. banc 2020). The Commission's findings of fact are binding and conclusive and we only examine questions of law, § 287.495.1; *Annayeva v. SAB of TSD of City of St. Louis*, 597 S.W.3d 196, 198 (Mo. banc 2020), which we review *de novo*, *Schoen*, 597 S.W.3d at 659. Questions of statutory interpretation are similarly reviewed *de novo*. *Lexow*, 2022 WL 791953 at *2.

### IV. Discussion

#### A. Appellants' Points and Rule 84.04

Rule 84.04 provides the requirements for appellate briefs in Missouri. Its contents are straightforward and simple, and compliance is mandatory. *Id.* at *1.

3

Rule 84.04 is not merely designed to enforce hypertechnical procedures or to burden the parties on appeal; rather, "[c]ompliance with the briefing requirements is required, not only so the appellant may give notice of the precise matters at issue, but also so that unnecessary burdens are not imposed on the appellate court and to ensure that appellate courts do not become advocates for the appellant."

*Hoock v. SLB Acquisition, LLC*, 620 S.W.3d 292, 303 (Mo. App. E.D. 2021) (quoting *Blanks v. Fluor Corp.*, 450 S.W.3d 308, 324 n.1 (Mo. App. E.D. 2014)). Despite seeking reversal of the Commission's final award on an alleged failure to follow the rules, and then stressing the importance of following rules during oral arguments, Appellants themselves fail to adequately follow Rule 84.04, thus preserving nothing for appellate review.

First and foremost, Appellants' points relied on fail to comply with Rule 84.04(d). This subsection governs an appellant's points relied on and requires him or her, in an appeal from an administrative agency decision, to "(A) Identify the administrative ruling or action the appellant challenges; (B) State concisely the legal reasons for the appellant's claim of reversible error; and (C) Explain in summary fashion why, in the context of the case, those legal reasons support the claim of reversible error." Rule 84.04(d)(2). The rule itself even provides a template for how to structure a point relied on:

> The point shall be in substantially the following form: "The [*name of agency*] erred in [*identify the challenged ruling or action*], because [*state the legal reasons for the claim of reversible error, including the reference to the applicable statute authorizing review*], in that [*explain why, in the context of the case, the legal reasons support the claim of reversible error*]."

*Id.* The rule also requires the use of separate points to challenge separate rulings or actions. *Lexow*, 2022 WL 791953 at *3. In addition, the rule informs the appellant that "[a]bstract statements of law, standing alone, do not comply with this rule," Rule 84.04(d)(4), and directs him or her to "include a list of cases, not to exceed four, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies," Rule 84.04(d)(5). Rule

4

84.04(d) is particularly important, as points relied on are vital to an appellant's brief. *Lexow*, 2022 WL 791953 at \*2. Points relied on function to "give notice to the opposing party of the precise matters which must be contended with and to inform the court of the issues presented for review." *Id.* (quoting *Wilkerson v. Prelutsky*, 943 S.W.2d 643, 647 (Mo. banc 1997)).

Both of Appellants' points relied on egregiously violate Rule 84.04(d). Point I, which does not follow the template provided by the rule, reads:

> THE COMMISSION ERRED IN EXCUSING THE DIVISON'S FAILURE TO REJECT AND RETURN TIMBERLAKE'S INCOMPLETE AND DEFICIENT APPLICATION AND IN AWARDING ADDITIONAL REIMBURSEMENT TO TIMBERLAKE IN THAT THE DIVISION HAD A MANDATORY, MINISTERIAL DUTY TO COMPLY WITH ITS OWN REGULATIONS AND REJECT TIMBERLAKE'S INCOMPLETE AND DEFICIENT APPLICATION SUCH THAT THE DIVISION'S *ULTRA VIRES* ACCEPTANCE OF TIMBERLAKE'S DEFICIENT/INCOMPLETE APPLICATION WAS NULL AND VOID AND NO ADDITIONAL REIMBURSEMENT COULD BE AWARDED TO TIMBERLAKE.

This point is multifarious—it combines multiple, independent claims into a single point relied on. *Id.* at \*3. Appellants appear to argue that the Commission erred by excusing the Division's action, by not rejecting and returning the application, and by awarding Timberlake additional reimbursement. "Multifarious points relied on are noncompliant with Rule 84.04(d) and preserve nothing for review." *Id.* (quoting *Macke v. Patton*, 591 S.W.3d 865, 869 (Mo. banc 2019)).

In addition, the point requires both Timberlake and the Court to speculate as to which error—or, in this case, errors—Appellants are in fact challenging. "A point relied on which does not state 'wherein and why' the trial court [or administrative agency] erred does not comply with Rule 84.04(d) and preserves nothing for appellate review." *Id.* (alteration in original) (quoting *Storey v. State*, 175 S.W.3d 116, 126 (Mo. banc 2005)). Appellants make no mention of the legal reasons for the claimed error, nor do they reference the statute authorizing review, as required by Rule 84.04(d)(2). *Id.* at \*4 (noting that "[r]ule 84.04(d)(2) also requires reference to the applicable

statute authorizing review"). Appellants' points require us to scour the record and the argument portion of their brief to understand the arguments being made. But "insufficient point[s] relied on that cannot be understood without resorting to the record or argument portion of the brief preserve[ ] nothing for appellate review." *Michaud Mitigation, Inc. v. Beckett*, 635 S.W.3d 867, 870 (Mo. App. E.D. 2021) (quoting *Unifund CCR Partners v. Myers*, 563 S.W.3d 740, 742 (Mo. App. E.D. 2018)).

Furthermore, Appellants violate Rule 84.04(d)(5) by listing five cases below Point I. The rule requires appellants, following each point relied on, to "include a list of cases, *not to exceed four*, and the constitutional, statutory, and regulatory provisions or other authority upon which that party principally relies." Rule 84.04(d)(5) (emphasis added).

Similarly, Point II, which also does not follow the template provided, violates the requirements of Rule 84.04(d). It reads:

> THE COMMISSION ERRED IN IN [sic] ITS INTERPRETATION, CONSTRUCTION, AND APPLICATION OF SECTION 287.140.3 MO. REV. STAT., AND IN AWARDING TIMBERLAKE ADDITIONAL REIMBURSEMENT IN THE AMOUNT OF $30,057.09, IN THAT THE CLEAR AND UNAMBIGUOUS LANGUAGE OF SECTION 287.140.3 MO REV. STAT., CONSISTENT WITH THE STRICT CONSTRUCTION REQUIREMENT OF SECTION 287.800 MO. REV. STAT., DOES NOT PERMIT TIMBERLAKE TO CHARGE APPELLANT MORE FOR THE MEDICAL CARE AND TREATMENT PROVIDED TO NOEL THAN THE USUAL AND CUSTOMARY AMOUNT THAT TIMBERLAKE RECEIVED ($9,792.23) FOR THE SAME MEDICAL CARE AND TREATMENT WHEN THE PAYOR IS A PRIVATE INDIVIDUAL OR A PRIVATE HEALTH INSURANCE CARRIER AND TIMBERLAKE IS NOT ENTITLED TO RECEIVE MORE COMPENSATION/REIMBURSEMENT THAT THE MAXIMUM AMOUNT IT WAS ALLOWED TO CHARGE.

Like Point I, Point II is multifarious. It appears Appellants are arguing that the Commission erred by incorrectly interpreting § 287.140.3 and by awarding Timberlake additional reimbursement, but it is not the Court's job to speculate or act as an advocate for Appellants. *Thummel v. King*, 570

S.W.2d 679, 686 (Mo. banc 1978). As noted, multifarious points preserve nothing for review. *Lexow*, 2022 WL 791953 at \*3. And also like Point I, Point II does not comply with Rule 84.04(d)(2) because it fails to identify the legal reasons for the claimed error and fails to reference the statute authorizing review. *See id.* at \*4. Again, this preserves nothing for review because it requires the Court to undertake tasks which are simply not the Court's job. *Id.* at \*3.

The deficiencies in Appellants' points relied on alone are unacceptable and worthy of dismissal. Appellants require the Court to discern their arguments, even though it is counsel's job to make those clear. "It is not the function of the appellate court to serve as advocate for any party to an appeal. That is the function of counsel." *Thummel*, 570 S.W.2d at 686. But Appellants do not only fall short of the briefing requirements for their points relied on.

Appellants also violate Rule 84.04(c), (e), and (g). Rule 84.04(c) obliges an appellant to include, in his or her brief, "a fair and concise statement of the facts relevant to the questions presented for determination without argument," in which "[a]ll statements of facts shall have specific page references to the relevant portion of the record on appeal." Appellants selectively follow this rule, sometimes making arguments within their statement of facts, and only sometimes providing specific citations for statements of facts.

Rule 84.04(e) requires an appellant, in the argument section of his or her brief, to "include a concise statement describing whether the error was preserved for appellate review; if so, how it was preserved; and the applicable standard of review." This information is "essential to this Court's review of the case." *Murphree v. Lakeshore Ests., LLC*, 636 S.W.3d 622, 625 (Mo. App. E.D. 2021). Appellants include the standard of review, but make no concise statement informing the Court whether the issues are preserved for appeal. "It is not this court's duty to supplement a deficient brief with its own research, to comb the record in search of facts to support an appellant's

claim of error, or demonstrate it is properly preserved for appellate review." *Hendrix v. City of St. Louis*, 636 S.W.3d 889, 897 (Mo. App. E.D. 2021) (quoting *Porter v. Santander Consumer USA, Inc.*, 590 S.W.3d 356, 358 (Mo. App. E.D. 2019)). That duty lies with counsel. *See Thummel*, 570 S.W.2d at 686.

Finally, even after Timberlake pointed out that Appellants' brief did not comply with Rule 84.04, Appellants *again* ignored the contents of the rule. Appellants filed a reply brief defending counsel's inadequate briefing practices, then proceeded to reargue the points from their initial brief. This directly violates Rule 84.04(g), which expressly states that "[t]he appellant may file a reply brief but *shall not reargue points covered in the appellant's initial brief*." (Emphasis added).

Given Appellants' blatant disregard of Rule 84.04, we decline to exercise our discretion to review their arguments. Compliance with Rule 84.04 is mandatory, *Lexow*, 2022 WL 791953 at *1, and the Southern District has previously stressed the importance of this rule to Appellants' counsel before, in *Grauberger v. Atlas Van Lines, Inc.*, 419 S.W.3d 795, 799–800 (Mo. App. S.D. 2013). Nonetheless, counsel has still failed to comply with the rule, to the point where the deficiencies impede our review of the merits. Therefore, we must dismiss the appeal. "While dismissal of an appeal is not an action taken lightly by this Court, 'we cautiously exercise [our] discretion because each time we review a noncompliant brief *ex gratia*, we send an implicit message that substandard briefing is acceptable. It is not.'" *Michaud Mitigation*, 635 S.W.3d at 870 (alteration in original) (quoting *Scott v. King*, 510 S.W.3d 887, 892 (Mo. App. E.D. 2017)), *reh'g and/or transfer denied* (Dec. 20, 2021).

Appellants' appeal is dismissed.

B.  Timberlake's Request for Prejudgment Interest

Timberlake cross-appeals the final award, arguing that the Commission erroneously declared and applied the law by denying Timberlake's request for prejudgment interest under Missouri's general prejudgment interest statute, § 408.020.  Timberlake's appeal has been submitted on brief after counsel failed to appear at oral argument or notify the Court or Appellants' counsel of his absence.  The Commission denied Timberlake's request because it determined that "[t]he strict construction mandate of § 287.800.1… does not allow this Commission to go beyond the language of the applicable statute to infer authority to award prejudgment interest without express statutory language."

"The primary rule of statutory interpretation is to effectuate legislative intent through reference to the plain and ordinary meaning of the statutory language." *Moore v. Bi-State Dev. Agency*, 609 S.W.3d 693, 696 (Mo. banc 2020) (quoting *Bateman v. Rinehart*, 391 S.W.3d 441, 446 (Mo. banc 2013)), *reh'g denied* (Nov. 24, 2020).   When a workers' compensation statute is ambiguous and the legislative intent cannot be discerned by referencing to the plain and ordinary language, the statute must be strictly construed.  § 287.800.1; *Greer v. SYSCO Food Servs.*, 475 S.W.3d 655, 667 n.2 (Mo. banc 2015).  "[S]trict construction of a statute presumes nothing that is not expressed." *Cosby v. Treasurer of State*, 579 S.W.3d 202, 207 n.4 (Mo. banc 2019) (quoting *Templemire v. W & M Welding, Inc.*, 433 S.W.3d 371, 381 (Mo. banc 2014)). The scope of a statute requiring strict construction is limited to "matters affirmatively pointed out by its terms, and to cases which fall fairly within its letter," and the Court may not add or subtract words from a statute or ignore the statute's plain meaning.  *Id.*

Section 287.140, which governs medical fee disputes, does not expressly permit the Commission to award a party prejudgment interest.  Nevertheless, Timberlake argues that it is

entitled to prejudgment interest because the statute does not expressly prohibit such awards, and to deny it prejudgment interest would add or subtract words from the statute, in contravention of the strict construction requirement of § 287.800.1. Timberlake's interpretation of the law, however, misapplies strict construction.

This Court has rejected a similar argument in *Harrah v. Tour St. Louis*, 415 S.W.3d 779, 781–82 (Mo. App. E.D. 2013). Harrah sought an award of prejudgment interest against the Second Injury Fund, which the Commission had denied after strictly construing § 287.220 and finding that the statute included "no express language" authorizing such an award. *Id.* at 781. Harrah backed up her argument by relying on *Eason v. Treasurer of State*, 371 S.W.3d 886 (Mo. App. W.D. 2012), in which the Western District concluded that prejudgment interest could be awarded to a party under the prior version of the workers' compensation law, which required a liberal construction of its provisions. The *Eason* Court held: "because [§] 287.220.5 does not expressly prohibit interest and because we are to interpret the statute liberally, we obtain guidance from *McCormack* [*v. Stewart Enterprises, Inc.*, 956 S.W.2d 310 (Mo. App. W.D. 1997)] and turn to the general interest statute." 371 S.W.3d at 891. However, the *Eason* Court also made it clear that this was permitted under the prior version of the workers' compensation law, which was liberally construed. The Court explicitly stated it only turned to the general interest statute because a liberal construction allowed it to do so. *Id.* at 892 (reaching its holding because "a liberal statutory construction … allows for application of the general interest statutes"). Shortly thereafter, the *Harrah* Court, in strictly construing the post-amendment version of the statute, noted that "[i]nterest on an expense is not an actual 'expense' that cures or relieves the effects of an injury or disability," 415 S.W.3d at 782 (quoting *Eason*, 371 S.W.3d at 891), and concluded that Harrah was not entitled to an award of prejudgment interest because "[t]he legislature did not affirmatively

provide for [prejudgment] interest as part of the Fund's liability and strict construction does not allow courts to go outside of the statute when, as here, its terms are clear," *id.*

Similarly, nothing indicates a legislative intent to give parties a right to prejudgment interest in medical fee disputes under § 287.140. The statute gives health care providers the right to recover "fees or other charges for services provided," § 287.140.13(5), yet makes no mention of interest, in contrast to other provisions of the workers' compensation law, *see, e.g.*, § 287.160. Moreover, Timberlake has not provided the Court with any evidence showing that the legislature intended the phrase "fees or other charges for services provided" to include prejudgment interest— it merely reasserts an argument like the one this Court rejected in *Harrah*. The logic has not changed since *Harrah*; strict construction still "presumes *nothing that is not expressed*" and is limited to "matters *affirmatively* pointed out by its terms." *Cosby*, 579 S.W.3d at 207 n.4 (emphases added). Nothing in § 287.140 affirmatively provides a right to prejudgment interest, therefore the Commission did not err in declining to award it to Timberlake.

Timberlake's point is denied.

### V.    Conclusion

For the reasons set forth above, we dismiss Appellants' appeal and affirm the Commission's final award as to Timberlake's cross-appeal.

_____
Kelly C. Broniec, Judge

Kurt S. Odenwald, P.J. and
John P. Torbitzky, J. concur.

11