RUTH CONN AND JAMES CONN, MINORS, CHILDREN OF GERTRUDE CONN, EMPLOYEE, DECEASED, BY THEIR FATHER AND NATURAL GUARDIAN, APPELLANTS, v. CHESTNUT STREET REALTY COMPANY, A CORPORATION, EMPLOYER, AND THE TRAVELERS INSURANCE COMPANY, INSURER, RESPONDENTS.—133 S. W. (2d) 1056.

St. Louis Court of Appeals. Opinion filed Dec. 5, 1939.

*Jones, Hocker, Gladney & Grand* and *Wm. G. O'Donnell* for respondents.

310

*John P. Griffin* for appellant.

HUGHES, P. J.—The case originated before the Workmen's Compensation Commission, wherein Gertrude Conn was claimant. While her appeal was pending in this court she died, and the cause was revived in the name of Ruth Conn and James Conn, her minor children. In the opinion, whenever the word "claimant" appears it is to be understood to refer to the employee, Gertrude Conn, now deceased. The salient facts, as the record shows, are that claimant was employed by the Chestnut Street Realty Company in the Title Guaranty Building in St. Louis, Missouri, as "forelady" of the women who cleaned the building, and had been so employed for nine years. That in May, 1936, while attempting to raise a window she wrenched her right arm between the elbow and wrist. For a minute there was a stinging

pain and then the pain went away. In about a day or two thereafter the arm swelled and she rubbed liniment on it. The swelling disappeared in a few days and a lump appeared on her arm about the size of a marble, which grew larger as time went on. The accident happened about the 21st of May, 1936, and on January 7, 1937, the lump was about the size of an orange. On January 7, 1937, she went to her doctor, who examined her arm and X-rayed it, and told her it was a tumor and she ought to have it removed. The doctor could not tell, at that time, what kind of a tumor it was, but he advised her to have it removed. On July 21, 1937, she had begun to have pain in her arm and went to the Hospital to have the tumor removed. The doctor found that it was a sarcoma (cancer), and that it was necessary to amputate her arm at the junction of the middle and upper third of the humerus, which was done. She had continued her work up until the date of the amputation.

The claim was filed before the Commission on September 8, 1937. A hearing was had before a Referee of the Commission, who found against the employee for the reason as stated in his award as follows:

"I find that employee's claim for compensation was not filed within the time prescribed by law, and, therefore, the Commission is without jurisdiction in this case."

On review the full commission made a similar award, stating therein as follows:

"We find from the evidence that claim for compensation was not filed within the time prescribed by Section 3337 Revised Statutes Missouri 1929. Therefore, we are without jurisdiction."

On appeal the circuit court affirmed the finding and award of the Workmen's Compensation Commission, and the case reaches here on appeal by the employee.

The claim was not filed before the Commission for more than fifteen months after the accident. Claimant's contention is that although the accident occurred in May, 1936, that there was no disability and consequently no "compensable injury" resulting therefrom until July 21, 1937, and the claim having been filed within six months following that date it was timely; whereas, the respondent contends that a "compensable injury" occurred at the time of the accident, or, if not then, on January 7, 1937, when claimant consulted a doctor and was advised to have the tumor removed from her arm.

The term "compensable injury" has been adopted and used by the courts in many cases; however, there is no such term used in the Workmen's Compensation Act as a "compensable injury." That Act does provide (Section 3301) for compensation for "personal injury" by accident arising out of and in the course of the employment. And then the Act (Section 3305) defines what is meant by "personal injury" in these words: "The term 'injury' and 'personal injuries' shall mean only violence to the physical structure of the body and

such disease or infection as naturally results therefrom.'' The Legislature never said, and clearly never meant to convey the idea, that a claimant had no cause of action until there was a disability, either partial or permanent, and, therefore, that the statute requiring a claim to be filed within six months after the injury, would really mean within six months after the disability. To so construe the Workmen's Compensation Act would be to place the employee in the anomalous position of having to wait for compensation until time had proven the extent of his or her disability from the personal injury received by reason of the accident. This question was clearly decided by this court in the case of Schrabauer v. Schneider Engraving Product, 224 Mo. App. 304, 25 S. W. (2d) 529, 531, as follows:

''The allowance of the argument of counsel for claimant in this case—that the limitation did not begin to run until after it was possible to determine that there would be a permanent partial disability—would require us to hold that the Legislature used the term 'injury' in section 39 in the sense of 'disability,' which we clearly think is not a proper conclusion to draw. Disability is a possible and most usual, although not a necessary, consequence of injury, and the Legislature so recognized the fact in section 13, and in those sections immediately following and to be construed with it, by providing that, apart from the payment of such compensation as a particular disability might warrant, the employer should also provide such medical care as might be necessary 'to cure and relieve from the effects of the injury.' ''

And still later in the case of Gleason v. Titanium Pigment Co. (Mo. App.), 93 S. W. (2d) 1039, 1043, this court said:

''As distinctly pointed out in the Wheeler Case, 328 Mo. 888, 42 S. W. (2d) 579, loc. cit. 581, 'there is nothing in the act to indicate that the limitation does not begin to run until such time as the most serious disability that the employee may sustain is ascertainable. This might take years to ascertain.'

''We readily agree with respondent that unless an employee has a condition which entitles him to relief under one of the sections of the act, he does not have a compensable injury. In this connection, in the instant case, we have in mind that in addition to the payment of compensation which a particular disability might warrant, the act requires that the employer provide such medical care as might be necessary 'to cure and relieve from the effects of the injury.' In other words, disability is not an indispensable element to the right of compensation. [Schrabauer v. Schneider Engraving Product, supra.]''

Therefore the question in this case is not when a disability occurred, but when did an injury occur which entitled claimant to compensation. An accident must precede an injury to entitle an employee to compensation, and a claim must be filed within six months after the injury. In other words, a claim must be filed

within six months after it becomes reasonably discoverable and apparent that an injury has resulted from the accident for which the employee is entitled to compensation. This is in effect what the court said in the cases of Wheeler v. Mo. Pacific R. Co., 328 Mo. 888, 42 S. W. (2d) 579, and Bridges v. Fruin-Colnon Const. Co., 52 S. W. (2d) 582, and other cases where the words "compensable injury" are used.

In this case there is no escape from the conclusion that an injury was not only discoverable, but was plainly apparent within a day or two after the accident when the arm began swelling, and when the swelling abated in a few days a lump appeared on the arm about the size of a marble, which grew larger until, on January 7, 1937, it was as large as an orange. At that time it was so apparent to claimant that she consulted her doctor, and he considered it of sufficient importance to take X-ray exposures of it, and advised its removal.

If claimant had heeded the doctor's advise, and had the lump removed, it might have cured the effects of the injury; and clearly her employer was liable for the medical, surgical, and hospital treatment in removing the lump. In all probability neither claimant nor her doctor were fully aware of the extent or the ultimate consequences of the injury; but that there was an injury was clearly apparent, and as said in the Bridges case, *supra*, "the full extent of the disability was a matter thereafter to be determined by the commission in passing upon the merits of the claim." And this is true even to the extent of later reviewing the award upon a showing of a change in condition. [Section 3340.]

It has been said that Section 3337, providing a limited time for the filing of the claim, is for the benefit of the employer, to protect him against stale or fraudulent claims; however, that Section and Section 3336 requiring notice to the employer, have a wider scope than that; they are also for the benefit of the employee, that he or she, whether through carelessness, ignorance, poverty or otherwise, shall not be deprived of proper medical or surgical treatment for an injury, because Section 3311 provides that "in addition to all other compensation the employee shall receive and the employer shall provide such medical, surgical, and hospital treatment, . . . as may reasonably be required . . . to cure and relieve from the effects of the injury. . . ." And thus when we read together the various sections of the Compensation Act, it is not only designed to compensate the employee for loss of time or disability, but by its very beneficent terms seeks to provide for treatment and cure of injuries inflicted by accidents. It is a matter of common knowledge that frequently slight injuries to the human body when untreated and neglected result in the most serious consequences. And while statutes of limitation generally may be based on the theory of preventing stale and fraudulent claims, and preventing witnesses becoming

scattered, and human memory failing, the comparative short time provided for notice of injury and filing of claims under the Workmen's Compensation Act, when read in connection with Section 3311 of the Act, is pursuasive that one of the purposes of the law is that after an accident and injury, time shall not elapse without medical and surgical treatment to cure and relieve from the effects of the injury, which purpose is for the benefit of both the employee and the employer.

The limitation of six months after the injury within which to file a claim (Section 3337) is one upon the right itself, and not upon the remedy. It has been said of limitation statutes (Wood on Limitations (3 Ed.), sec. 4) that they are "among the most beneficial to be found in our books." And in as much as they rest upon a sound policy and are designed to promote the peace and welfare of society, they are construed to effectuate the intention of the Legislature. No doubt their application in the occasional case produces a hardship, but it is a hardship that is visited upon the party who fails to assert his or her rights within the time fixed by the law, and before the testimony is lost and human memory fails, and in case of personal injury, to a time when by neglect of treatment a simple injury that might have readily responded to simple treatment has progressed to a serious affliction. In such case the fault or responsibility cannot be fairly attributed to the law, but to the party, for the hardship entailed. In any event the courts must take the law as they find it; they are to construe the law and not to make it. *Jus dicere et non jus dare.*

Whether the claim for compensation was made within six months after the injury, that is, after the injury was discoverable and apparent, as a condition precedent to the right to maintain proceedings, constituted a question of fact to be determined like any other similar question. [Schrabauer v. Schneider Engraving Product, 224 Mo. App. 304, 25 S. W. (2d) l. c. 535.]

The judgment of the circuit court affirming the final award of the Workmen's Compensation Commission is ordered affirmed. *Becker* and *McCullen, JJ.*, concur.