**Denise K. BRYAN, Appellant,**

v.

**SUMMIT TRAVEL, INC., Respondent.**

**No. WD 55567.**

Missouri Court of Appeals, Western District.

Dec. 15, 1998.

Bruce R. Bartlett, St. Louis, MO for appellant.

Roland P. Walker, Columbia, MO for respondent.

Before RIEDERER, P.J., LOWENSTEIN and ULRICH, JJ.

RIEDERER, J.

Denise K. Bryan appeals from the denial of her worker's compensation claim by the Labor and Industrial Relations Commission. Because we find that Bryan filed her claim after the statute of limitations had expired, we affirm the ruling of the Commission.

Affirmed.

## Facts

On December 4, 1990, Appellant, a travel agent for her then employer, the Respondent, was driving from Columbia, Missouri, to Marshall, Missouri, to deliver airline tickets on Respondent's behalf. While en route, Appellant's vehicle collided with a cow on the highway. As a result of the collision, Appellant sustained, among other things, a severe head injury and memory loss. She was comatose for eleven days. After the accident, Appellant was unable to recollect independently the purpose of her travel on December 4, 1990, and the record is unclear as to when, if ever, Appellant later remembered that detail. Appellant was hospitalized and incurred significant medical costs which were paid, in part, by Medicaid and her husband's insurance provider, but never by Respondent or its insurer.

Due to the severity of injuries she sustained in the collision, Appellant was rendered unable to continue working in any meaningful capacity and, in fact, never returned to the employ of Respondent. On June 3, 1991, Appellant's husband was appointed as Appellant's legal guardian. At the time of his appointment, the guardian was, apparently, unaware that Appellant had been on her way to deliver tickets for Respondent at the time of the accident, and the record is unclear as to precisely when he was apprised of that fact.

On April 24, 1995, Appellant filed a Claim for Compensation with the Division of Worker's Compensation which was heard by Administrative Law Judge R. Michael Mason. At the hearing before Judge Mason, the parties stipulated that: (1) medical bills incurred from the injury were paid by Medicaid and other health insurance; (2) since the date of the injury, there had not been any two-year period during which medical bills resulting therefrom were not paid; and (3) Respondent had not paid any compensation to or on behalf of Appellant on account of said injury. On August 5, 1997, Judge Mason issued Findings of Fact and Rulings of Law denying Appellant's claim for failure to file within the applicable statute of limitations as set forth in § 287.430.[1] In response, on August 19, 1997, Appellant filed an Application for Review with the Labor and Industrial Relations Commission. On February 26, 1998, the Commission issued a Final Award Denying Compensation. This appeal ensued.

### Standard of Review

In an appellate review of an administrative decision, evidence is viewed in the light most favorable to the agency's decision. *Missouri Dept. of Corrections v. Cheeney*, 926 S.W.2d 939, 941 (Mo.App.1996). The decision will be upheld unless it exceeds agency authority; it is not based upon substantial and competent evidence on the record as a whole; it is unreasonable, arbitrary or capricious; it involves an abuse of discretion; or it is otherwise unlawful. *Id.* However, where the decision of an administrative agency involves the interpretation or applica-

tion of law we independently review the matter as a question of law. *Missouri Ethics Commission v. Thomas*, 956 S.W.2d 456, 457 (Mo.App.1997). We give no deference to the agency's conclusions of law. Rather, we exercise our own independent judgment. *Id.*

### I.

In her first point on appeal, Appellant claims that the Commission erred in finding that the statute of limitations for filing her worker's compensation claim had expired prior to its filing. Specifically, Appellant contends that because medical bill payments were periodically made on her account by Medicaid and another insurance provider, the statutory period for filing a claim was tolled at least until the time that the last such payment was made. Section 287.430.1 provides in pertinent part:

No proceedings for compensation under this chapter shall be maintained unless a claim therefor is filed ... within two years after the date of injury or death, or the last payment made *under this chapter* on account of the injury or death, except that if the report of the injury or the death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made *under this chapter* on account of the injury or death.

§ 287.430.1 (emphasis added).

Thus, the question is whether the payments made to cover Appellant's medical costs were made "under this chapter." Section 287.430 was amended in 1980 to supplant a previous version of the statute which had provided that the statutory period for filing a claim was "subject to being tolled by *any* payment made on account of the injury." *Blair v. Associated Wholesale Grocers*, 593 S.W.2d 650, 652 (Mo.App.1980); *Skinner v. Dawson Metal Products*, 575 S.W.2d 935, 941 (Mo.App.1978) (emphasis added). The 1980 amendment's deletion of the words "any payment made on account of the injury" and addition of the words "under this chapter" evidences the legislature's desire to toll the

---

1. All statutory references are to RSMo 1994, unless otherwise indicated.

statutory period, not merely when payments of any kind are made on an injured employee's behalf generally, but rather only when such payments are specifically made pursuant to Chapter 287, the Worker's Compensation Law.

In the instant case, neither Appellant's employer (Respondent) nor anyone else on its behalf ever instituted payment of Appellant's medical expenses under the mandate of Chapter 287 or any other reason. Instead, the payments that were made on account of Appellant's injury were by Medicaid and Appellant's spouse's insurer, neither of which were furnished under Chapter 287. Appellant cites to the Court's opinion in *Brown v. Ozark Christian Schools of Neosho* in asserting that the statutory language "under this section" has no import. 847 S.W.2d 888 (Mo. App.1993). However, *Neosho* is distinguishable from the present case. In *Neosho,* the injured claimant's employer paid the employee's medical expenses for supposedly gratuitous reasons. Thus, the payments were made by a party having an obligation "under this chapter," and thus the payments were made "under this chapter." By contrast, in the present case, neither Appellant's employer nor its own insurance provider made any payments on account of Appellant's injury, much less pursuant to Chapter 287. As a result, the payments that were made on account of Appellant's work-related injury did not fall within the ambit of § 287.430.1 and, accordingly, did not toll the statute of limitations. Since Appellant's claim was not filed within three years of the date of her injury, Point I is denied.

### II.

■ Appellant claims in her second point that the Commission erred in finding that the statute of limitations for filing a worker's compensation claim had expired prior to her filing because the statutory period was tolled due to Appellant's mental incapacity sustained as a result of her work-related accident. Specifically, Appellant contends that she suffered amnesia, and her amnesia should be considered an "occupational disease" under § 287.063 which provides, in pertinent part:

1. An employee shall be conclusively deemed to have been exposed to the hazards of an occupational disease when for any length of time, however short, he is employed in an occupation or process in which the hazard of the disease exists, subject to the provisions relating to occupational disease due to repetitive motion
. . .

\* \* \*

3. The statute of limitation referred to in section 287.430 shall not begin to run in cases of occupational disease until it becomes reasonably discoverable and apparent that a compensable injury has been sustained . . .

Section 287.067 further defines "occupational disease" as:

1. . . . an identifiable disease arising with or without human fault out of and in the course of the employment. Ordinary diseases of life to which the public is exposed outside of the employment shall not be compensable, except where the diseases follow as an incident of an occupational disease as defined in this section. The disease need not have been foreseen or expected but after its contraction it must appear to have had its origin in a risk connected with the employment and to have flowed from that source as a rational consequence.

2. . . . An occupational disease is not compensable merely because work is a triggering or precipitating factor.

■ Appellant posits that the car accident arose out of her employment because she sustained her injury while performing a task on behalf of her employer—delivering airline tickets. Assuming arguendo that Appellant's head trauma is an occupational disease within the meaning provided by § 287.067, such disease would have tolled the statutory period for filing a worker's compensation claim only until such time as it became reasonably discoverable and apparent that Appellant had sustained an injury for which Chapter 287 provides compensation. In fact, courts have even held that mere awareness on the part of the employee that a work-related illness ex-

ists is not, alone, sufficient knowledge of a compensable injury. *Wiele v. National Super Markets, Inc.,* 948 S.W.2d 142, 146 (Mo. App.1997). Such a condition becomes apparent when the employee is medically advised that he or she is unable to continue working. *Id.*

While the testimony elicited at trial fails to clearly define when Appellant or her guardian husband first discovered that Appellant may have had a compensable injury, certainly they knew Appellant could not continue her employment, at the very latest, by June 3, 1991—the date of the guardian's appointment. Moreover, "the appointment of a guardian shall be deemed the termination of legal disability from minority or incompetency." § 287.430. Thus, it is arguable that the three-year statute of limitations did not begin to run until June 3, 1991, and would thereby not expire until June 3, 1994. Since no claim was filed until April 24, 1995, over forty-six months after a guardian was appointed to Appellant, Appellant did not file her claim within the maximum three year period provided by § 287.430.1. Point II is denied.

The final award of the Labor and Industrial Relations Commission is affirmed.

LOWENSTEIN and ULRICH, JJ., concur.