

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| DANIEL SMALL, | ) | |
| | ) | WD78289 |
| Appellant, | ) | |
| v. | ) | OPINION FILED: |
| | ) | |
| RED SIMPSON, INC., | ) | November 17, 2015 |
| | ) | |
| Respondent. | ) | |

### LABOR AND INDUSTRIAL RELATIONS COMMISSION

**Before Division Four:  Alok Ahuja, Chief Judge Presiding,
Thomas H. Newton, Judge, and Charles H. McKenzie, Special Judge**

Mr. Daniel Small appeals a Labor and Industrial Relations Commission (Commission) denial of a claim for benefits under the Missouri Workers' Compensation Law as untimely under section 287.430.[1]  We reverse.

Mr. Small, a journeyman lineman, was residing in St. Ann, Missouri, in 1995 when he accepted an offer extended over the telephone by an individual who negotiated with him for a job that had been advertised by Red Simpson, Inc., a Louisiana-based company.  He traveled to Beaumont, Texas, where he began working for Red Simpson as an electrical lineman for $15 per hour and company-provided meals and lodging.  He sustained a significant electrical trauma on September 12,

---

[1] Statutory references are to RSMo 1986 and Cum. Supp. 1993, unless otherwise indicated.

1995, just days after beginning the work. The injury resulted in the amputation of his right arm at the forearm and severe scarring of his abdomen where the electricity exited his body. Mr. Small returned to Missouri for treatment at KU Medical Center in Kansas and Rockhill Orthopedics in Kansas City, Missouri. He has remained in Missouri and was able to secure employment in a variety of capacities until he fell off a ladder while installing satellite dishes in 2008 and was rendered totally disabled, in the view of a vocational rehabilitation counselor. Mr. Small testified to ongoing medical problems relating to the workplace accident in Texas, including phantom pain, heartburn, shoulder pain, and irritation from his prostheses.[2]

Red Simpson and its insurer, Insurance Company of the State of Pennsylvania, have paid Mr. Small $268,436.96 in medical expenses and $97,380.71 in indemnity benefits. The other facts to which the parties stipulated are as follows:

Daniel Small sustained a compensable, work-related injury while working in Texas for the Employer on September 12, 1995.

Daniel Small pursued a workers compensation claim in the State of Texas in connection with his September 12, 1995, work accident.

Mr. Small's Missouri average weekly wage would be $735.42, which would yield compensation rates of $490.28 for temporary total disability and $257.29 for permanent partial disability.

The Employer/Insurance Carrier paid $22,934.25 in temporary total disability benefits in connection with the Texas workers compensation claim. Those benefits were paid from September 15, 1995, through April 21, 1997, at a weekly rate of $392.00. The Employer/Insurance Carrier made two additional TTD payments between April 21, 1997, and November 24, 1997, at the rate of $307.12.

Daniel Small was temporarily and totally disabled from 9/13[/95] – 4/21/97.

---

[2] Despite advances in prosthetics, Mr. Small's devices do not allow the exercise of any fine motor skills; one is a claw, the other is more hand-like in appearance, providing essentially cosmetic but few other workable functions.

2

The Employer/Insurance Carrier paid $63,446.46 in permanent partial disability benefits in connection with the Texas workers compensation claim. Those benefits were paid at three different compensation rates-- $327.69, $285.51, and $285.57.

The Employer/Insurance Carrier have not paid any indemnity benefits to Mr. Small in connection with his 1995 injury since August 3, 2000.

No payments of any kind were paid by the Employer/Insurance Carrier in connection with Mr. Small's claim from October 31, 2003, through August 7, 2006.

Employer/Insurance [Carrier] is responsible for future medical payment reasonably necessary to cure or relieve the effects of the injury.

Mr. Small filed a claim for Missouri workers' compensation benefits on September 14, 2009. The claim described the Texas workplace accident and stated, "The statute of limitations has been tolled by Employer's/Insurer's continual provision of medical treatment and failure to file a Missouri Report of Injury." Following a hearing, a Division of Workers' Compensation Administrative Law Judge (ALJ) denied the claim, finding it time barred. According to the ALJ,

Assuming arguendo the employer had to file a report of injury in Missouri, claimant had the opportunity to file a claim in Missouri either three years after the 1995 injury or the last payment made under this chapter. I find the last payment made pursuant to ANY Workers' Compensation statute was on August 3, 2000, when the permanent partial disability benefits were paid. After August 3, 2000, the benefits being provided were pursuant to the Texas compromise settlement[,] and claimint filed an untimely claim by filing his claim for compensation nine years after reaching a compromise settlement in Texas.

The ALJ also noted that all payments were made under Texas law.

Mr. Small sought review before the Commission, which affirmed for a different reason. According to the Commission, section 287.380 "only requires employers and insurers *in this state* to file a report of injury." Because the employer did not have an office or place of business in Missouri, the Commission determined

3

that it was not "in this state," was not required to file the report, and thus Mr. Small "has not established that he is entitled to the benefit of the three-year claim filing period set forth in § 287.430 RSMo." While adopting the ALJ's other findings, conclusions, award, and decision, the Commission concluded as follows:

> The parties stipulated that employer made no payments to employee on account of his work injury during the period October 31, 2003, through August 7, 2006. Because the claim-filing period of § 287.430 is a statute of extinction and not of repose, employee's remedy and his right under the statute were extinguished no later than October 30, 2005—two years after the October 31, 2003, payment. Employee filed his claim for compensation on September 17, 2009 [the date it was received]. Employee's claim is barred by the statute of limitations set forth in § 287.430.

Mr. Small raises one point on appeal: whether the Commission erred in creating "additional requirements not mandated under the statute when [it] found Respondent Red Simpson, Inc. was not required to file a Report of Injury pursuant to § 287.380 RSMo., and, therefore, only applied a two-year statute of limitations."

We review final Commission awards under section 287.495.1, RSMo 2000, which states:

> The court, on appeal, shall review only questions of law and may modify, reverse, remand for rehearing, or set aside the award upon any of the following grounds and no other:
>
> > (1) That the commission acted without or in excess of its powers;
> >
> > (2) That the award was procured by fraud;
> >
> > (3) That the facts found by the commission do not support the award;
> >
> > (4) That there was not sufficient competent evidence in the record to warrant the making of the award.

4

Because the issue here raises a question of law, our review is *de novo*. *Dungan v. Fuqua Homes, Inc.*, 437 S.W.3d 807, 809 (Mo. App. W.D. 2014). We also review the findings and award of the Commission rather than those of the ALJ, to the extent that it departs from the ALJ's ruling. *Sell v. Ozarks Med. Ctr.*, 333 S.W.3d 498, 505 (Mo. App. S.D. 2011). To the extent that the Commission affirms and adopts the ALJ's findings and conclusions, we review the ALJ's findings and conclusions. *Id.*

**Legal Analysis**

According to the parties, the issue is one of first impression and requires that we interpret "in this state" under section 287.380.1, which provided, in relevant part, when Mr. Small was injured:

> every employer or his insurer in this state, whether he has accepted or rejected the provisions of this chapter, shall within ten days after knowledge of an accident resulting in personal injury to any employee notify the division thereof, and shall, within one month from the date of filing of the original notification of injury, file with the division under such rules and regulations and in such form and detail as the division may require, a full and complete report of every injury or death to any employee for which the employer would be liable to furnish medical aid, other than immediate first aid which does not result in further medical treatment or lost time from work, or compensation hereunder had he accepted this chapter, . . .

Whether an employer has filed a report has implications for the limitations period for filing a claim. Section 287.430.1 states that a two-year limitation applies to every claim,

> except that if the report of the injury or the death is not filed by the employer as required by section 287.380, the claim for compensation may be filed within three years after the date of injury, death, or last payment made under this chapter on account of the injury or death.

The workers' compensation law in effect when Mr. Small was injured included the requirement that it be "liberally construed with a view to the public welfare." §

5

287.800.1.  The strict construction standard adopted in an amendment to the law that occurred after Mr. Small was injured may not be applied retroactively.  *Eason v. Treasurer of State—Custodian of Second Injury Fund*, 371 S.W.3d 886, 889-90 (Mo. App. W.D. 2012).  As we noted in *Eason*, "because strict versus liberal statutory constuction may affect substantive issues, the liberal construction standard set forth in section 287.800, RSMo 2000, prior to amendment, is the applicable standard for [the claimant's] case." *Id.*  We further observed that this liberal standard "requires a broad interpretation of the workers' compensation laws such that benefits are extended to the largest possible class, and any doubts as to the right of compensation are resolved in favor of the employee." *Id.* at 890.  *See also Bass v. Nat'l Super Mkts., Inc.*, 911 S.W.2d 617, 621 (Mo. banc 1995) (stating, "until directed by the legislature to embark on another course, courts must continue to give the Act a liberal reading, deciding close cases in favor of workers' compensation coverage"); *Page v. Green*, 686 S.W.2d 528, 530-31 (Mo. App. S.D. 1985) (purpose of law "is to relieve the burden of workers incapacitated by injuries from the public and place the burden upon industry," thus courts "resolve all doubts in favor of the employee" in interpreting the law), *overruled on other grounds by Hampton v. Big Boy Steel Erection*, 121 S.W.3d 220, 231 (Mo. banc 2003).  We may not, however, even under a liberal statutory construction, "create entitlements not provided for nor contemplated by the legislature." *Eason*, 371 S.W.3d at 890.

Mr. Small argues that Red Simpson failed to file a report of injury in Missouri and "there was never three years or more between benefits paid on account of his injury," thus the three-year claim-filing limitation period applies.  Initially, we must

determine whether Mr. Small, a Missouri resident who sustained a workplace injury out of state, is entitled to benefits under the Missouri Workers' Compensation Law. And if so, whether the payments he received from his employer and its insurer were made "under this chapter on account of the injury or death." § 287.430.1. The Commission appears to have decided both issues in his favor, despite rejecting the claim as untimely.

In *Liberty v. Treasurer for State—Custodian of Second Injury Fund*, 218 S.W.3d 7, 10 (Mo. App. W.D. 2007), this Court stated that a Missouri resident who works out of state and is injured there can claim jurisdiction under the workers' compensation law,

> only if his contract of employment was made in Missouri. Under Missouri law, a contract is deemed to have been made where the parties perform the last act necessary to complete the contract. Where the applicant accepts an employment offer over the telephone while he is in Missouri, the employment contract is deemed to have been made in Missouri.

(citation omitted).

We determined that the claimant in *Liberty* did not satisfy his burden of proof and persuasion as to whether the last act necessary to complete the contract occurred over the telephone while he was in Missouri and that the Commission was "not compelled to believe Liberty's testimony." *Id*. at 13. Here, the ALJ specifically found that the "[c]laimant credibly testified he accepted a job offer during a phone conversation with Red Simpson, Inc., while he was in St. Ann, Missouri." We cannot second-guess the ALJ's credibility determination under section 287.495.1.[3]

---

[3] "Upon appeal no additional evidence shall be heard and, in the absence of fraud, the findings of fact made by the commission within its powers shall be conclusive and binding." § 287.495.1.

Accordingly, Mr. Small met his burden of showing that the chapter applies to his injury under section 287.110.2, which states that "[t]his chapter shall apply to all injuries received . . . outside of this state under contract of employment made in this state, unless the contract of employment in any case shall otherwise provide." Nothing in the record indicates that Mr. Small's contract of employment provided otherwise.

As to whether the payments Mr. Small's employer made since he was injured were made "under this chapter," we note that, in Missouri, an employer's payment of any of its obligations under the workers' compensation law is made "under this chapter" and thus can extend the limitation period under section 287.430. *See Brown v. Ozark Christian Schs. of Neosho*, 847 S.W.2d 888, 896 (Mo. App. S.D. 1993) (holding that employer's "gratuitous" payment of employee's funeral costs extended the limitation period given section 287.240, which requires an employer to pay the reasonable expenses of an employee's burial). "[T]he legislature's intent in including the phrase 'under this chapter' in section 287.430 was to limit what constitutes payment for purposes of tolling the statute of limitations to payments made by parties with an obligation to make payments under Chapter 287." *Dungan*, 437 S.W.3d at 814. Our workers' compensation law requires that employers, "[i]n addition to all other compensation . . . provide such medical, surgical and hospital treatment, including nursing, ambulance and medicines, as may reasonably be required after the injury or disability, to cure and relieve from the effects of injury." § 287.140.

Regardless whether Mr. Small received the payments gratuitously, as in *Brown*, or under the Texas workers' compensation law or a compromise settlement, the

8

payments his employer and its insurer made for his ongoing medical problems directly stemming from the 1995 workplace injury were payments the employer was required to make under the Missouri Workers' Compensation Law. Accordingly, the payments were made "under this chapter." *Cf. Dungan*, 437 S.W.3d at 814 (holding that payments the claimant and his insurer made "do not constitute payments made 'under this chapter' within the meaning of section 287.430 because . . . neither [claimant] nor his insurer were obligated to make such payments under the Workers' Compensation Law"); and *Bryan v. Summit Travel, Inc.*, 984 S.W.2d 185, 187 (Mo. App. W.D. 1998) (payment of the claimant's medical bills by Medicaid and her spouse's insurer did not fall under section 287.430, because they had no obligation, as employers do, to make such payments under the workers' compensation law), *overruled on other grounds by Hampton*, 121 S.W.3d at 223.

What remains for us to determine is what the Legislature intended in extending the limitation period to three years where "the report of the injury or the death is not filed by the employer as required by section 287.380." § 287.430.1. Because section 287.430.1 does not qualify the word "employer" with the phrase "in this state," this provision could mean either that the extension applies when (1) the report of injury required under section 287.380 has not been filed, or (2) the "in state" employer required to file the report of injury under section 287.380 has not done so. Because the workers' compensation law as a whole is not limited to "in state" employers, we do not believe that the latter interpretation is correct. Red Simpson argues that Mr. Small cannot establish that the company, with no presence in Missouri, was required to file a report of injury for the September 1995 work-related injury and thus is not

9

entitled to "take advantage of the three-year limitations period set out in RSMo. 287.430."[4]  Under its interpretation, this would mean that the Legislature intended to exclude out-of-state employers from the extended limitation period, an interpretation that would not comport with the law's liberal reading, which requires that benefits be paid to the largest possible class of employees.  *Eason*, 371 S.W.3d at 890; *see also Smith v. Home Bldg. Contractors, Inc.*, 363 S.W.2d 11, 14 (Mo. App. 1962) (stating that law was intended to protect emloyees injured "while performing labor in the furtherance of society's benefit and economic progress," and public interest is in workmen being made whole, "or as nearly so as may be," at industry's expense, "otherwise, he and his family will suffer and may become a liability and burden to the public").  The purpose of a limitation period is to prevent stale claims and faded memories, and that would apply with equal force to in-state and out-of-state employers.  *See Conn v. Chestnut St. Realty Co.*, 133 S.W.2d 1056, 1059 (Mo. App. 1939) (also noting that relatively short filing periods in workers' compensation law foster prompt medical, surgical, and hospital treatment for employees).[5]

Liberally construing the workers' compensation law, we believe that it does not matter whether the employer is physically present in the state for the limitation period to be extended for an additional year, because section 287.430.1 applies its claim-filing limitation to all employers and all claims for workers' compensation, even

---

[4] During oral argument, Mr. Small's counsel suggested for the first time that because both the employer and insurer are required under the law to file the report of injury and because the insurer here is present and conducts business in Missouri, the benefit of the three-year extended limitation period should be applied given the insurer's failure to file the report.  We decline to rest our decision on this ground; issues raised for the first time on appeal from the Commission have not generally been preserved.  *Jones v. GST Steel Co.*, 272 S.W.3d 511, 515 (Mo. App. W.D. 2009).

[5] Note that *Conn* was overruled on other grounds by *Wentz v. Price Candy Co.*, 175 S.W.2d 852 (Mo. 1943).  See discussion below, footnote 8.

when the employer is located out of state.[6]  While out-of-state employers may not be subject to prosecution under section 287.380.5 for failing to file a report, because they are not within the jurisdiction, they remain responsible for a compensable workplace injury sustained by a Missouri resident.  And where the report of injury has not been filed with the division under section 287.380.1, as would likely be the case for an out-of-state employer, the limitations period is extended for an additional year.[7]  This interpretation resolves any doubt in favor of the employee.  *Page*, 686 S.W.2d at 530-31.  But it does not "create entitlements not provided for nor contemplated by the legislature." *Eason*, 371 S.W.3d at 890.  Our interpretation also gives the Missouri employee injured out of state more time to learn what her rights are under the law.  The filing of a report triggers workers' compensation division

---

[6] The law's definition of "employer" does not confine the definition to those located in the state.  § 287.030.1.  And the limitation period does not include the phrase "in this state" as a qualifier to the term "employer."  § 287.430.1.  We would note as well that the reporting requirement of section 287.380 applies to both in-state employers and insurers, while the limitation period of section 287.430 refers only to the employer, thus lending more support for our interpretation that the focus of section 287.430 is on whether *any* report has been filed for an injury compensable under the Missouri Workers' Compensation Law regardless of the employer's location.

[7] Mr. Small argues that Red Simpson became an employer "in the state" when it entered a contract of employment with him in Missouri.  We do not believe that it is necessary to adopt this construction of section 287.380, in light of our discussion of the intersection of sections 287.380 and 287.430 above and our determination that the Commission misapplied the law.

11

obligations to notify employees of their rights.[8] § 287.400. Where no report is filed, employees must take steps to seek this information on their own, as Mr. Small did when consulting with a Missouri attorney following his second workplace-related injury.

Red Simpson never ceased making payments, which the law obligated it to pay, for three years or longer. While not addressed in the parties' stipulations, the record reflects that the employer made payments for Mr. Small's medical treatment in August and November 2006, March, June, and July 2007, and March and June 2009. Mr. Small's claim for compensation, filed in September 2009, was therefore timely under section 287.430.1. This point is granted. On remand, the Commission, in calculating the award, shall consider the amounts Red Simpson and its insurer have already paid, because they are not obligated to pay more than the amount required by

---

[8] At least one court has described the purpose of the law and section 287.430 in particular, as follows:

> [W]e must not lose sight of the fundamental purpose of the compensation act, and the relief it was designed to afford. It is common knowledge that the intention was to dispense with the services of the members of our own profession to the fullest extent possible, and to make available to the injured employee an easy and certain means of obtaining compensation; and in the passage of the act, the Legislature must have been fully appreciative of the fact that a large percentage of the workmen coming within its provisions would be, not only ignorant of their rights thereunder, but in many instances so handicapped by lack of education or by unacquaintance with our language as to be helpless in the matter of securing relief.

> In requiring the employer to give prompt notice to the commission of an accident coming to his notice, the Legislature undoubtedly intended to counteract this very evil. In fact it was so insistent upon having the employer give notice to the commission that it made him guilty of a misdemeanor if he failed to comply with his duty in that regard. It further made it the duty of the commission, upon receipt of notice from the employer, to send blanks, both to the employer and to the employee, and, in the case of a dispute arising between the two as to the merits of the claim, to assist the employee in filing his claim, and in securing an early adjudication thereof.

*Schrabauer v. Schneider Engraving Prod.*, 25 S.W.2d 529, 533-34 (Mo. App. 1930), *overruled on other grounds by Wentz v. Price Candy Co.*, 175 S.W.2d 852 (Mo. 1943). *Wentz* was superseded by statute. *Marston v. Juvenile Justice Ctr. of the 13th Jud. Cir.*, 88 S.W.3d 534, 538 (Mo. App. W.D. 2002) (noting that limitation period extinguishes right to recover; it is jurisdictional and cannot be waived).

statute.  *Cowan v. Sw. Bell Tel. Co.*, 529 S.W.2d 485, 488 (Mo. App. 1975).  § 287.270.  It will also have to consider the possible effect, if any, of the compromise settlement reached in Texas.  § 287.390.

Because we find that the claim-filing limitation extension in section 287.430.1 was not intended solely for the benefit of employees with in-state employers, Mr. Small's workers' compensation claim was timely filed.  We reverse the Commission and remand for further proceedings.

<u>/s/ THOMAS H. NEWTON</u>
Thomas H. Newton, Judge

Ahuja, C.J., and McKenzie, Sp. J. concur