Paul C. Wilson, Judge
Following a work-related injury, Andrew Dickemann ("Dickemann") filed a workers' compensation claim against his employer, Costco Wholesale Corporation ("Costco"). A final award granted Dickemann permanent total disability benefits to be paid weekly. Two years later, the parties agreed Costco would make a lump sum payment to fully satisfy Dickemann's award. The parties requested that the Labor and Industrial Relations Commission ("Commission") approve this agreement, but the Commission declined to do so on the grounds that: (1) the Commission has no authority to approve the agreement as a "settlement" under section 287.390;[1] and (2) the Commission cannot approve the agreement as an application for a "commutation" because Costco's proposed lump sum payment was not equal to the commutable value of the future weekly payments Dickemann would be giving up, as required by section 287.530. Dickemann appealed. This Court has jurisdiction under article V, section 10, of the Missouri Constitution, and the Commission's decision is affirmed.
Background
In July 2010, Dickemann was injured in the course and scope of his employment with Costco and he filed a workers' compensation claim. A hearing was held on Dickemann's claim before an administrative law judge ("ALJ") of the Missouri Division of Workers' Compensation. The ALJ awarded Dickemann permanent total disability benefits in the amount of $799.11 per week, to be paid weekly beginning retroactively on March 1, 2013. Because neither party sought review by the Commission, the award became final in April 2014.
In November 2016, Dickemann and Costco entered into a "Stipulation for Voluntary Settlement and Agreement to Commute Award" (the "Agreement"). Pursuant to the terms of the Agreement, Costco agreed to pay Dickemann a lump sum of $400,000, which the parties agreed would fully and finally satisfy Dickemann's award of weekly permanent total disability benefits. In the Agreement, Dickemann acknowledged *67 he voluntarily accepted the terms of the agreement, he understood his rights and benefits, and there had been no undue influence or fraud.
After the Agreement was signed, the parties presented it to the Commission with a request that it be approved. The Commission refused to approve the Agreement, however, on the grounds that: (1) the Agreement was not a "settlement" of a "claim," which the Commission is authorized to approve under section 287.390; and (2) the Agreement failed to meet the requirements for a "commutation," which the Commission is authorized to grant under section 287.530.[2]
Analysis
In Dickemann's sole point on appeal,[3] he claims the Commission erred in refusing to approve the parties' Agreement, either as a "settlement" of a "claim" under section 287.390, or as a "commutation" under section 287.530. Dickemann relies upon Nance v. Maxon Elec. Inc. , 395 S.W.3d 527 (Mo. App. 2012), and its progeny, which hold a post-award agreement to forego weekly benefits in exchange for a lump sum payment is a "claim" for purposes of section 287.530,[4] and the Commission is bound to approve that agreement if the employee fully understands his or her rights, has agreed to the settlement voluntarily, and the agreement was not procured as the result of undue influence or fraud. Because this Court rejects this argument and affirms the Commission's decision not to approve the Agreement, Nance and its progeny should no longer be followed.
This Court's review of the Commission's decision is governed by section 288.210. The Court "may modify, reverse, remand for rehearing, or set aside the decision of the commission on the following grounds:" (1) "the commission acted without or in excess of its powers;" (2) "the decision was procured by fraud;" (3) "the facts found by the commission do not support the award;" or (4) "there was not sufficient competent evidence in the record to warrant the making of the award." Id. On review, this Court is bound by the Commission's factual findings, provided such findings "are supported by competent and substantial evidence." Id. This Court is not, however, bound by the Commission's conclusions of law. Id. Additionally, questions of statutory interpretation are reviewed de novo. Spradling v. SSM Health Care St. Louis , 313 S.W.3d 683, 686 (Mo. banc 2010).
*68 "The primary rule of statutory construction is to ascertain the intent of the legislature from the language used, to give effect to that intent if possible, and to consider the words used in their plain and ordinary meaning." Wolff Shoe Co. v. Dir. of Revenue , 762 S.W.2d 29, 31 (Mo. banc 1988). "Absent express definition, statutory language is given its plain and ordinary meaning, as typically found in the dictionary." State v. Brookside Nursing Ctr., Inc. , 50 S.W.3d 273, 276 (Mo. banc 2001) (internal citation omitted). "The provisions of a legislative act must be construed and considered together and, if possible, all provisions must be harmonized and every clause given some meaning." Wollard v. City of Kan. City , 831 S.W.2d 200, 203 (Mo. banc 1992) (internal citations omitted). "The legislature is presumed not to enact meaningless provisions." Id. (internal citations omitted).[5]
The Commission was correct in determining it could not approve the Agreement as an application for a "commutation" under section 287.530. This statute provides:
The compensation provided in this chapter may be commuted by the division or the commission and redeemed by the payment in whole or in part, by the employer, of a lump sum which shall be fixed by the division or the commission, which sum shall be equal to the commutable value of the future installments which may be due under this chapter, taking account of life contingencies , the payment to be commuted at its present value upon application of either party , with due notice to the other, if it appears that the commutation will be for the best interests of the employee or the dependents of the deceased employee, or that it will avoid undue expense or undue hardship to either party, or that the employee or dependent has removed or is about to remove from the United States or that the employer has sold or otherwise disposed of the greater part of his business or assets.
§ 287.530.1 (emphasis added).
Notably, this statute also provides that a "commutation is a departure from the normal method of payment and is to be allowed only when it clearly appears that some unusual circumstances warrant such a departure." § 287.530.2. Additionally, when determining whether a commutation is in the best interest of the employee, the Commission is required to "constantly bear in mind ... that compensation payments are in lieu of wages and are to be received by the injured employee or his dependents in the same manner in which wages are ordinarily paid." Id. Finally, notwithstanding the holding in Nance , the plain language of this statute simply does not support the conclusion that it applies only to "contested" applications for a commutation and that all "uncontested" applications for a commutation are free to proceed as "voluntary agreements" subject to *69 review and approval only under section 287.390.1. Instead, section 287.530.1 applies to all efforts-by one or both parties-to commute a final award of weekly benefits to a single lump sum payment.
Here, the $400,000 lump sum proposed in the Agreement failed the financial equivalency requirement set forth in section 287.530.1 because the commutable value of the future installments, taking into account Dickemann's life contingency, was at least $590,000.[6] Additionally, none of the remaining considerations required by section 287.530.1 were addressed in the Agreement or before the Commission. For these reasons, any one of which would have been sufficient, the Commission properly refused to approve a commutation pursuant to the Agreement.
The parties sought to avoid the requirements of section 287.530.1 by arguing the Agreement was a "settlement" the Commission was authorized-and, indeed, bound-to approve under section 287.390. This statute provides, in relevant part:
Parties to claims hereunder may enter into voluntary agreements in settlement thereof, but no agreement ... shall be valid, nor shall any agreement of settlement or compromise of any dispute or claim for compensation under this chapter be valid until approved by an administrative law judge or the commission.... An administrative law judge, or the commission, shall approve a settlement agreement as valid and enforceable as long as the settlement is not the result of undue influence or fraud, the employee fully understands his or her rights and benefits, and voluntarily agrees to accept the terms of the agreement.
§ 287.390.1 (emphasis added).
The key to a proper interpretation of section 287.390 is found in the first sentence, which provides, "Parties to claims hereunder may enter into voluntary agreements." § 287.390.1 (emphasis added). See also id. (referring to "settlement or compromise of any dispute or claim for compensation under this chapter ") (emphasis added). Because the statute does not provide an express definition of the word "claim," this Court must look to the dictionary to determine the plain and ordinary meaning of that word. Wollard , 831 S.W.2d at 203. Webster's Dictionary defines "claim" as: "1 a (1): an authoritative or challenging request ...; (2): a demand of a right or supposed right ... b: a demand for compensation, benefits, or payment (as one made in conformity with provisions of ... a workman's compensation law ...)." Webster's Third New International Dictionary of the English Language 414 (3d ed. 1976).
Here, Dickemann asserted his claim for workers' compensation following his injury in 2010. In 2013, a hearing was held on his claim and, in April 2014, an award was rendered on Dickemann's claim in his favor. Therefore, as of April 2014, Dickemann's claim had been resolved. As a result, in signing the Agreement in November 2016, Dickemann was no longer making an authoritative "request," "claim," or "demand" for compensation under the workers' compensation law. Instead, from and after April 2014, Dickemann possessed a right to such compensation. Because Dickemann and Costco were not "parties to claims" under the workers' compensation statutes in November 2016 when they entered *70 into the Agreement, the Agreement did not constitute a "settlement" of such claims for purposes of section 287.390.1. Accordingly, the Commission did not have the authority to consider-let alone approve-the Agreement under section 287.390.
Conclusion
For the reasons set forth above, the Commission's decision is affirmed.
All concur.

All statutory references are to RSMo Supp. 2013, unless indicated otherwise.

The Commission's decision in this case was "without prejudice." When a civil petition is dismissed "without prejudice," such a judgment generally is not appealable. Mayes v. Saint Luke's Hosp. of Kan. City , 430 S.W.3d 260, 265 (Mo. banc 2014). But "[a]n exception exists when the effect of the order is to dismiss the plaintiff's action and not the pleading merely." Id. (quotation marks omitted). "When the party elects not to plead further and stands on the original pleadings, the dismissal without prejudice is considered a final and appealable judgment." Id. Here, the parties have made clear they have no intention of modifying the Agreement to address the shortcomings noted by the Commission and have chosen, instead, to assert on appeal their argument that the Commission was required to approve the Agreement as filed. Applying the reasoning of Mayes , therefore, the Commission's order is final and appealable.

Costco does not dispute the error alleged by Dickemann and has adopted Dickemann's brief as its own.

More precisely, Nance holds an agreement to reduce weekly benefits to a single lump sum payment (i.e., an "uncontested" commutation) is a "claim" that can be settled under section 287.390 and, therefore, the process set forth in section 287.530 applies only to "contested" commutations. Nance , 395 S.W.3d at 535-37.

In 2005, the Workers' Compensation Law was amended to require "strict construction" of its provisions. § 287.800.1. This has no impact on the analysis in this case, however, because this Court is no more entitled to ignore the plain and unambiguous meaning of a statute's words under "strict construction" than it is under "liberal construction" or in the absence of such an instruction. In the end, when the intent of the legislature can be ascertained from the plain and ordinary meaning of the statutory language, the Court is bound to give the statute that construction. Wolff , 762 S.W.2d at 31. Neither an instruction to employ "strict construction" nor one to employ "liberal construction" can authorize this Court to add or subtract words from a statute or ignore the plain meaning of the words that are there. Peters v. Wady Indus., Inc. , 489 S.W.3d 784, 792 n.6 (Mo. banc 2016).

The Commission's order states: "Accepting the parties' agreed-upon 20-year life expectancy and using the regulatory 4% discount rate, the present value of the permanent total disability award exceeds $590,000.00." This Court is bound by that finding. § 288.210.