

# MISSOURI COURT OF APPEALS
## WESTERN DISTRICT

| | | |
|---|---|---|
| JOSHUA M. KRASOVEC, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | |
| v. | ) | **WD85910, Consolidated with** |
| | ) | **WD85935 and WD85938** |
| | ) | |
| KC BOARD OF POLICE COMM., | ) | |
| ET AL., | ) | |
| Respondent, | ) | |
| | ) | |
| POLICE RETIREMENT SYSTEM OF | ) | |
| KANSAS CITY, | ) | **Filed:  June 11, 2024** |
| | ) | |
| Respondent. | ) | |

### APPEAL FROM THE CIRCUIT COURT OF JACKSON COUNTY
### THE HONORABLE JOEL P. FAHNESTOCK, JUDGE

### BEFORE DIVISION ONE: LISA WHITE HARDWICK, PRESIDING JUDGE, ALOK AHUJA, JUDGE, AND ANTHONY REX GABBERT, JUDGE

Joshua Krasovec appeals from the circuit court's judgment finding the Kansas City Board of Police Commissioners ("Police Board") and the Police Retirement System of Kansas City ("Retirement Board") (collectively, "Respondents") acted unlawfully by retiring him from the Kansas City, Missouri Police Department ("KCPD") without certification from the Retirement Board's medical board.  Krasovec contends the court misapplied the law in finding the medical board did not certify his retirement, and he

requests that we remand the case to the circuit court to enter a final judgment on whether he is entitled to duty-related or non-duty-related retirement benefits. In the alternative, Krasovec argues the circuit court abused its discretion by failing to provide him a remedy after it found Respondents unlawfully retired him, and he asks us to remand the case to Respondents to conduct the disability evaluation process in accordance with the law. For reasons explained herein, the judgment is affirmed as modified and remanded to Respondents to conduct the disability evaluation process lawfully.

## FACTUAL AND PROCEDURAL HISTORY

Krasovec began working as an officer for KCPD in September 2005. In October 2013, he was a detective with street narcotics working undercover when he was involved in a botched operation in which he believed his life was endangered. Although Krasovec had no prior history of workplace misconduct, he was disciplined for conduct unbecoming an officer in 2014, and in 2016, he was disciplined for being intoxicated at work. He checked himself into a facility for alcohol rehabilitation. After Krasovec's rehabilitation ended, KCPD referred Krasovec to a psychologist for a fitness for duty evaluation in October 2016. The psychologist did not believe Krasovec was fit for duty, did not recommend a return to work in an unrestricted position, and did not think it was likely that Krasovec would be able to return to work within one year. The same psychologist evaluated Krasovec again in April 2017 and made no changes to his findings or recommendations.

When KCPD believes one of its employees cannot perform the full and unrestricted duties of a police officer, the department will ask the Retirement Board to do

2

a disability retirement evaluation.  On April 28, 2017, KCPD asked the Retirement Board's pension services manager to start a disability retirement evaluation of Krasovec.  The pension services manager asked a psychiatrist who had been appointed to the Retirement Board's medical board ("medical board psychiatrist") to conduct a psychiatric evaluation.  The medical board psychiatrist interviewed Krasovec on three occasions, reviewed his medical records, and issued a report in August 2017.  The medical board psychiatrist could not say with a reasonable degree of medical certainty that Krasovec was permanently unable to perform the full and unrestricted duties of a police officer, and she could not say that his presentation and diagnosis were solely related to his work as a KCPD officer.

KCPD referred Krasovec to a psychologist for treatment.  This psychologist diagnosed him with post-traumatic stress disorder ("PTSD") from the October 2013 work incident.  Krasovec completed 14, 60-minute psychotherapy sessions for PTSD between November 2017 and March 2018.  At the conclusion of Krasovec's psychotherapy treatment, the psychologist provided a report that noted, among other things, that Krasovec was still unfit for duty in a law enforcement capacity and was "highly unlikely to be able to ever return to duty as a certified law enforcement officer."

The medical board psychiatrist reevaluated Krasovec and issued a report in March 2019.  The medical board psychiatrist found Krasovec was unable to perform the full and unrestricted duties of a police officer.  Again, however, she was unable to certify with a reasonable degree of medical certainty that his inability to perform those duties was permanent or likely to become permanent; therefore, she could not certify that he should

3

be retired.  The medical board psychiatrist was also unable to say to a reasonable degree of medical certainty that Krasovec's inability to perform the full and unrestricted duties of a police officer was exclusively related to or due to his work as a KCPD officer.

After receiving the medical board psychiatrist's report, the Retirement Board's pension services manager decided to ask the University of Massachusetts Medical School ("UMass") to review Krasovec's medical records.  The Retirement Board uses UMass to perform reevaluations of officers who have previously been disability retired, but UMass is not on the Retirement Board's medical board.  The UMass psychologist who reviewed Krasovec's records opined that he was mentally unable to perform the full and unrestricted duties of a police officer and this inability was permanent, and the psychologist certified that Krasovec should be retired.  The UMass psychologist further opined the available evidence supported a finding that Krasovec's disability was work related and "arose out of a series of traumatic experiences while working as a police officer, including undercover, in which he felt he was at imminent risk of being killed."

The Police Board held a closed session on February 18, 2020, to discuss Krasovec's disability retirement.  After reviewing a packet that included reports from the practitioners who had treated and evaluated Krasovec, the Police Board found Krasovec was permanently unable to return to his full and unrestricted duties, but this inability was not exclusively caused by his employment with KCPD.  Therefore, the Police Board

4

concluded Krasovec was entitled to retire with non-duty-related disability benefits under Section 86.1200.[1]  Section 86.1200.1 provides:

> Any member in active service who has completed ten or more years of creditable service and who has become permanently unable to perform the full and unrestricted duties of a police officer as the result of an injury or illness not exclusively caused or induced by the actual performance of his or her official duties or by his or her own negligence shall be retired by the board of police commissioners upon certification by one or more physicians of the medical board of the retirement board that the member is mentally or physically unable to perform the full and unrestricted duties of a police officer, that the inability is permanent or likely to become permanent, and that the member should be retired.  The inability to perform the full and unrestricted duties of a police officer means that the member is unable to perform all the essential job functions for the position of police officer as established by the board of police commissioners.

Krasovec appealed Respondents' decision to the circuit court by filing a petition for judicial review pursuant to Section 536.150.  In his petition, Krasovec asserted he was entitled to retire with duty-related disability benefits under Section 86.1180.1, which states:

> Any member in active service who is permanently unable to perform the full and unrestricted duties of a police officer as the natural, proximate, and exclusive result of an accident occurring within the actual performance of duty at some definite time and place or through an occupational disease arising exclusively out of and in the course of his or her employment shall be retired by the board of police commissioners upon certification by one or more physicians of the medical board that the member is mentally or physically unable to perform the full and unrestricted duties of a police officer, that the inability is permanent or likely to become permanent, and that the member should be retired.  The inability to perform the full and unrestricted duties of a police officer means that the member is unable to perform all the essential job functions for the position of police officer as established by the board of police commissioners.

---

[1] All statutory references are to the Revised Statutes of Missouri 2016.

5

Krasovec asserted Respondents' decision to retire him with non-duty-related disability benefits under Section 86.1200 instead of duty-related disability benefits under Section 86.1180 was "unconstitutional, unlawful, unreasonable, arbitrary and capricious and/or otherwise involved an abuse of discretion."

A trial was held. Following the trial, the court entered judgment on November 9, 2022. In its judgment, the court found a disability retirement under either Section 86.1180 or Section 86.1200 requires that "one or more physicians" on the Retirement Board's medical board certify that the officer's inability to perform duties is permanent or likely to become permanent. The court further found no physician on the Retirement Board's medical board made this certification regarding Krasovec. The court noted the medical board psychiatrist was unable to certify with a reasonable degree of medical certainty that Krasovec's condition was permanent or likely to become permanent, and the UMass psychologist who certified that Krasovec should be retired was neither a physician nor appointed by the Retirement Board to be a member of its medical board. Because the court found Respondents acted unlawfully by retiring Krasovec without certification from a physician on the Retirement Board's medical board as required by statute, the court entered judgment in favor of Krasovec.

Krasovec subsequently prepared a motion to amend the judgment. In his motion, he requested, *inter alia*, that the court issue a judgment requiring Respondents to "begin the process of retiring [him] anew." Although Krasovec emailed the motion to Respondents on December 12, 2022, and certified that he electronically filed it with the court the same day, Case.net indicates it was not filed until January 4, 2023. Meanwhile,

6

on December 19, 2022, the Police Board filed a notice of appeal. On December 28, 2022, Krasovec filed a petition for a temporary restraining order and a preliminary injunction ordering the Retirement Board to continue paying him non-duty-related disability benefits and to prohibit it from any attempt to collect approximately $85,000 in previously-paid benefits. Simultaneously, Krasovec filed a notice of appeal. The next day, the Retirement Board filed a notice of appeal.

We consolidated the three appeals. While the case was pending, the Police Board and the Retirement Board dismissed their appeals. Therefore, this opinion concerns only Krasovec's appeal.

## STANDARD OF REVIEW

Section 536.150 governs judicial review of non-contested administrative decisions. *Mo. Nat. Educ. Ass'n v. Mo. State Bd. of Educ.*, 34 S.W.3d 266, 274 (Mo. App. 2000). In non-contested cases, the circuit court conducts a "de novo review in which it hears evidence on the merits of the case, makes a record, determines the facts, and decides whether, in view of those facts, the agency's decision is unconstitutional, unlawful, unreasonable, arbitrary, capricious, or otherwise involves an abuse of discretion." *Id.*

On appeal, we review the circuit court's judgment and not the administrative agency's decision. *Id.* Our review of the circuit court's judgment is "essentially the same as the review for a court-tried case" and, therefore, "is governed by Rule 73.01 as construed in *Murphy v. Carron*, 536 S.W.2d 30 (Mo. banc 1976)." *Id.* at 274-75. We will affirm the circuit court's decision unless it is not supported by substantial evidence,

is against the weight of the evidence, or erroneously declares or applies the law. *Tri-Cty. Counseling Servs., Inc. v. Office of Admin.*, 595 S.W.3d 555, 563 (Mo. App. 2020).

## ANALYSIS

In Point I, Krasovec contends the circuit court erred in finding Respondents' decision was unlawful because they retired him without certification from a physician on the medical board that his inability to perform the duties of a police officer was permanent or likely to become permanent. The process to award a KCPD officer disability retirement benefits under either Section 86.1180 or Section 86.1200 involves two steps. First, a physician on the Retirement Board's medical board must certify that the officer is mentally or physically unable to perform the full and unrestricted duties of a police officer, the inability is permanent or likely to become permanent, and the member should be retired. §§ 86.1180.1 and 86.1200.1. This certification is required before an officer can be retired. *Hogan v. Bd. of Police Comm'rs of Kansas City*, 337 S.W.3d 124, 131 (Mo. App. 2011).[2] Second, upon this certification, the Police Board retires the officer and awards either duty-related or non-duty-related disability benefits. §§ 86.1180.1 and 86.1200.1; *Hogan*, 337 S.W.3d at 131.[3] Here, the circuit court found Respondents failed to satisfy the first step because the UMass psychologist who certified

---

[2] *Hogan* cited Sections 86.450.1 and 86.457.1, which were later renumbered as Sections 86.1180.1 and 86.1200.1, respectively. The pertinent language remains the same.

[3] Respondents' contention that the Police Board can retire a member and award benefits without the initial certification from the medical board is contrary to the plain language of the statutes and our determination in *Hogan* that, when the legislature amended these statutes in 2000 to require certification from the Retirement Board's medical board before a member could be retired, the legislature "clearly evidenced an intent to make retirement determinations a shared responsibility of the two boards." *Hogan*, 337 S.W.3d at 131.

Krasovec was not a physician and was not a member of the Retirement Board's medical board.

Section 86.900(12) defines "medical board" in the context of Sections 86.1180 and 86.1200 as "not less than one nor more than three physicians appointed by the retirement board to arrange for and conduct medical examinations as directed by the retirement board." Noting that the dictionary definition of "appoint" is "to choose someone officially for a job or responsibility,"[4] Krasovec argues the UMass psychologist was "appointed" to the medical board because the Retirement Board "chose" him to conduct the disability evaluation.

Nothing in the statute or the record, however, supports Krasovec's contention that choosing a practitioner to conduct an evaluation is the same as choosing a practitioner to be a member of the medical board. Indeed, the Retirement Board did not believe it had appointed the UMass psychologist to the medical board, as the Retirement Board's pension services manager expressly testified that UMass practitioners were not members of the medical board. If the legislature had intended to allow the initial certification to be made by a member of the medical board *or* by someone chosen by the medical board, it would have said so. We cannot add words to a statute or "ignore the plain meaning of the words that are there." *Dickemann v. Costco Wholesale Corp.*, 550 S.W.3d 65, 68 n.5 (Mo. banc 2018).

---

[4] Krasovec cites the Cambridge Online Dictionary, https://cambridge.org/us/dictionary/english/appoint (last visited June 4, 2024), for this definition of "appoint."

Moreover, Sections 86.1180.1 and 86.1200.1 require the certification be made by a *physician* on the medical board. Chapter 86 does not define "physician." "In the absence of a statutory definition, words will be given their plain and ordinary meaning as derived from the dictionary." *Matthews v. Harley-Davidson*, 685 S.W.3d 360, 369 (Mo. banc 2024) (citation omitted). A "physician" is defined as "a person trained in the art of healing . . . specifically: a health care professional (such as a dermatologist, internist, pediatrician, or urologist) who has earned a medical degree, is clinically experienced, and is licensed to practice medicine as usually distinguished from surgery." *Physician*, MERRIAM-WEBSTER ONLINE DICTIONARY, https://www.merriam-webster.com/dictionary/physician (last visited June 4, 2024). A psychologist has not earned a medical degree; therefore, the UMass psychologist who evaluated Krasovec was not a "physician" under either Section 86.1180.1 or 86.1200.1. The circuit court did not err in finding that Respondents acted unlawfully by retiring Krasovec without certification from a physician on the medical board. Point I is denied.[5]

In Point II, Krasovec contends the court erred in failing to remand the case back to Respondents to conduct the disability evaluation process in accordance with the law. After finding in favor of Krasovec and against Respondents, the court entered judgment

---

[5] We note that, in the circuit court, none of the parties contended the Police Board's retirement decision was unlawful because it was not preceded by a medical board certification that Krasovec was permanently disabled. And, when the circuit court raised this issue on its own motion, none of the parties advocated that the case be decided on that basis. Nevertheless, at oral argument, Krasovec's counsel specifically stated that Krasovec was not arguing the judgment should be reversed because the court raised the necessity of a medical board certification on its own motion. Accordingly, we do not address the question whether this was an issue properly raised *sua sponte* by the circuit court.

for Krasovec but did not enter any further orders. Krasovec argues the circuit court abused its discretion by failing to provide him a remedy. We agree.

The circuit court's determination that Respondents unlawfully retired Krasovec without certification from a physician on the medical board as required by statute put Krasovec in the position he was in before he was unlawfully retired during the February 18, 2020 closed session. According to one of the Police Board members, when Krasovec's retirement packet was presented to the Police Board, Krasovec had been "in limbo" for four years because he was being paid as a full-time officer but was not working. The Police Board member further testified that, while Krasovec could have been either retired or terminated after being in this limbo, "[i]t was not a considered option of the [Police Board] to terminate [Krasovec]." Indeed, the record indicates that Respondents believed retiring Krasovec was the appropriate action; they simply did not obtain certification from the proper person, *i.e.,* a medical board physician, before they attempted to retire him on February 18, 2020.

Rule 84.14 permits an appellate court to enter the judgment the circuit court should have given. *Hogan*, 337 S.W.3d at 136. Because all parties desired that Krasovec be disability retired, and the medical board psychiatrist who previously evaluated Krasovec did not state that his disability is not permanent but, rather, testified that she was *unable to determine* if it is permanent or likely to become permanent,[6] remanding the

_____

[6] At trial, the medical board psychiatrist was asked whether her statement in her report that she could not say with a reasonable degree of medical certainty that Krasovec's disability was

11

case to allow a physician on the Retirement Board's medical board to reevaluate Krasovec to determine if his disability is permanent or likely to become permanent is appropriate under the circumstances.[7]  Accordingly, we modify the circuit court's judgment to remand the case back to Respondents.  Point II is granted.[8]

## CONCLUSION

The judgment is affirmed as modified and remanded to Respondents to conduct the disability evaluation process lawfully.

_____
Lisa White Hardwick, Judge

All concur.

---

permanent means that his disability is not permanent.  She responded, "It means I could not reach a conclusion."

[7] The medical board psychiatrist who previously evaluated Krasovec retired from the medical board in 2021.

[8] Respondents ask that we affirm the judgment on the basis that the evidence does not support a finding that Krasovec is entitled to duty-related disability retirement benefits.  This is a factual issue the circuit court did not reach, as the court found Respondents failed to satisfy the first step (certification) in the disability retirement process.  Determining whether a disability is duty-related or non-duty-related requires weighing experts' opinions and judging the credibility of witnesses, which we cannot do on appeal.